In re Plowright, 140 Wis. 512.

---

## In re PLOWRIGHT.

*October 8—October 26, 1909.*

*Street and electric railways: Condemnation of streets: Delay: Pro-ceedings by landowner: Limitation.*

1. A corporation having a franchise from the state to operate a street railway for carrying passengers in the city, and no authority to operate an interurban railway on the streets, had no right to condemn the use of the street for interurban railway business; and until it acquired such right the period of limitation under sec. 4222, Stats. (1898), barring proceedings by a landowner under sec. 1852, did not begin to run.
2. Delay of an interurban railway company for more than four months after acquiring the right to institute proceedings for condemnation of a street is *held*, under the facts of this case, to warrant a landowner in proceeding in the matter under sec. 1852, Stats. (1898).

APPEAL from an order of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

The *Beloit, Delavan Lake & Janesville Railway Company* was incorporated March 4, 1901. The articles of incorporation state that the purpose of the corporation shall be "to build, construct, operate, maintain, purchase, lease, and acquire a railway or railways for the carrying of persons and property, including mail, express matter, baggage, freight, or any thereof, and the furnishing of light, heat, and power."

The location of the corporation is given in the articles as Beloit, Rock county, Wisconsin. By an amendment on August 21, 1901, the purpose in forming the corporation is given as follows:

"For the business and purpose of purchasing or otherwise acquiring, constructing, equipping, leasing, maintaining, and operating by electricity or other power, a street railway for the transportation of passengers in the city of Beloit, county of Rock, state of Wisconsin, and elsewhere as it may by law be authorized to do, and of purchasing or otherwise acquiring, taking, holding, and operating real and personal property, rights, privileges, ordinances, and franchises and any enterprises suitable for or in furtherance of the business or purposes of the corporation, and for the purpose of acquiring by purchase, lease, or by right of eminent domain, the real and personal property, rights, privileges, ordinances, and franchises of any individual or individuals or of any street railway, electric power, light, or heat companies, foreign or domestic, now or hereafter existing, or of leasing the same, or of acquiring and holding the shares, bonds, or other securities of such street railway or light, power, or heat companies or interests therein, and of extending its railways to any point or points within any town adjoining said municipal corporation, and of acquiring, building, maintaining, operating, and using any street railways for the transportation of passengers or for the transportation of mail, express, merchandise, and freight, or of both or all, in any city, village, or town, and to extend its railway or railways from any point in one city, village, or town, to, into, and through any other city, village, or town; and of manufacturing, generating, storing, or using, selling, and leasing electricity for power, light, or other purposes."

The nature of the business and the railway company's powers, rights, privileges, and franchises are set out in the report of its case against Macloon (136 Wis. 218, 116 N. W. 897), to which reference is made for further details.

On May 13, 1901, the common council of the city of Janesville passed an ordinance, over the mayor's veto, grant-

ing the defendant corporation a franchise in and upon certain streets of the city, among others a part of Franklin street, to construct, maintain, and operate an electric railway for the carriage of passengers. A year later the ordinance was amended by changing its route. In April or May, 1902, the defendant corporation commenced to lay its tracks upon Franklin street, and by July this work of construction had been completed. Meanwhile the defendant had undertaken the work of constructing a line of track in extension of the line in the city of Janesville and to the city of Beloit, and in December, 1902, began the operation of an electric interurban railway in and from the city of Janesville to and through the city of Beloit. By an ordinance of January 7, 1907, the city of Janesville granted the defendant a franchise to carry express, package freight, and mail in addition to passengers, and soon afterward the defendant commenced the carriage of the articles enumerated in the franchise over its whole line. By an ordinance of the common council of Janesville dated July 20, 1908, the defendant was granted a franchise to maintain and operate an urban and an interurban electric railway for the carriage of passengers, express, package freight, and the United States mail in, between, and through the city of Janesville and the city of Beloit over the streets named in the ordinances previously passed, which granted the defendant franchises to do the business therein enumerated. Since December, 1902, the defendant has operated a city street railway business in the city of Janesville, using the same cars as were used in the interurban business. Since January, 1907, the defendant has carried express, package freight, and United States mail in the city of Janesville in the cars used in the Janesville urban and its interurban business.

The petitioner instituted these proceedings on November 30, 1908, praying for the appointment of commissioners to appraise his damages caused by the taking and operation

by the defendant of its railway system over a portion of his real estate, to wit, that part of Franklin street, a public highway, occupied by the defendant on the east end of his lot. The defendant answered, alleging that it had taken possession of the strip of plaintiff's property in April or May, 1902, and pleaded the statute of limitations, alleging that more than six years had elapsed since the taking of the strip for interurban railway business purposes and that petitioner was barred from instituting this proceeding. On February 11, 1909, the circuit court filed a determination holding that the plaintiff was not barred by the statute of limitations, and on March 10, 1909, the court filed an order appointing commissioners to ascertain and appraise petitioner's damages. This is an appeal from such order.

The cause was submitted for the appellant on the brief of *Thos. S. Nolan,* and for the respondent on that of *Charles E. Pierce.*

SIEBECKER, J. The right of any street or interurban railway company to condemn the right to use city or village streets, alleys, or viaducts was not given by law until the adoption of ch. 465, Laws of 1901 (sec. 1863a, Stats.), which grants the right upon the express condition that ". . . the use of such street, alley, or viaduct shall first be granted to such street or electric railway company by a franchise duly passed by the board of trustees or common council of such village or city." The decision in the case of *Beloit, D. L. & J. R. Co. v. Macloon,* 136 Wis. 218, 116 N. W. 897, determined that appellant had no right as an interurban railway to institute condemnation proceedings for the use of a street unless it first had obtained a grant from the common council of the city authorizing such use of the street. The inquiry therefore in the case is: When did the appellant obtain the right to condemn the use of the street for an interurban railway business?

Prior to 1907, under the franchises it had obtained from the city of Janesville, it was given authority to operate a street railway for the transportation of passengers in the city. The conduct of this business, as held in the *Macloon Case,* required no condemnation of the use of the street, and hence no right to condemn existed either against or in favor of respondent. It is obvious from the context of the ordinances passed prior to 1907, which granted the appellant the right to operate its railway business over the city streets, that appellant was authorized merely to conduct a street railway business, and that no authority to conduct an interurban railway business was conferred thereby. Such authority was unquestionably conferred by the ordinance of July 20, 1908. Whether the ordinance of January 7, 1907, conferred such authority it is not necessary to decide. If authority to do an interurban railway business is thereby conferred, still the period of limitation barring actions for condemnation under sec. 4222, Stats. (1898), has not run. Under the circumstances the right to condemn did not exist prior to the passage of these ordinances and no right to proceed to condemn could have accrued. Of course, petitioner had no power to proceed under sec. 1852, Stats. (1898), until the railway company had delayed or omitted to institute and conduct the proceedings to a conclusion. Under the facts we deem appellant's delay in instituting the proceeding to condemn since the right accrued was sufficient to warrant petitioner's proceeding in the matter.

The order appointing commissioners to appraise petitioner's damages was proper.

*By the Court.*—The order is affirmed.