CRONIN, Appellant, vs. JANESVILLE TRACTION COMPANY and
another, Respondents.

*May 5—May 23, 1916.*

*Deeds: Boundary of land conveyed: Highways: Dedication: Width:
Old fences: Street railways: Occupation of land by consent: Con-
demnation: Mistake in remedy: Amendment of proceeding.*

1. A deed describing the land conveyed as bounded on one side by a
   certain road gave the vendee title to the center of the highway,
   there being no words in the deed expressly or necessarily limit-
   ing the boundary to the side of the highway.

2. A highway by parol dedication and user being limited by the ex-
   tent of such user, a fence which has stood in its present location
   and marked the east line of such a highway for upwards of fifty
   years establishes the line of such highway at the place in ques-
   tion.

3. Land on the west side of a highway, by user was platted by the
   owners, and on the plat the highway was represented as being
   four rods wide, with its center line on their eastern boundary.
   East of such center line, however, within the limits of the high-
   way so represented, an old fence marked the east line of the
   highway by user, and the land east thereof was occupied up to
   such fence. Afterwards the owners who made said plat bought
   the land east of the highway, but the fence remained and the oc-
   cupancy up to it continued. Later said owners conveyed the
   last mentioned land to plaintiff, describing it as bounded on the
   west by the highway—not by the highway according to the plat.
   *Held*, that the old fence continued to mark the east line of the
   highway, there never having been any effective dedication of any
   land east of it.

4. Where the owner of land, by express or tacit consent, has allowed
   a railway company to occupy his land for railway purposes, he
   cannot bring an action for trespass, but must proceed under the
   condemnation statute to have his compensation and damages as-
   sessed.

5. Where, in an action to enjoin street and interurban railway com-
   panies from occupying a part of plaintiff's land adjoining the
   highway with their railway embankment, it appeared that
   plaintiff had consented to such occupancy by permitting the em-
   bankment to exist without objection for nearly three years, so
   that his only remedy was by condemnation proceedings under
   sec. 1852, Stats. 1913, the court should, under sec. 2836b, Stats.
   1915 (Laws 1915, ch. 219, sec. 2), have made an order granting
   leave to plaintiff to file a petition for condemnation against the
   defendant company which built and owns the embankment.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed as to one respondent; reversed as to the other.*

Action in equity to enjoin the defendants from occupying a part of plaintiff's real estate with their railway embankment. The plaintiff owns a parcel of land of about twenty-four acres in the city of Janesville, lying east of the Beloit and Janesville road (now called Beloit avenue) and north of Eastern avenue. Its location will more readily be understood by reference to the plat here inserted:

The defendant traction company, a domestic corporation, constructed its street railway upon said Beloit avenue a number of years ago under a franchise from the city. The other defendant, the *Rockford & Interurban Railway Company,* is an Illinois corporation which operates interurban cars over the same tracks, also having a franchise from the city so to do. The plaintiff has duly released all damages resulting from the operation of interurban cars on the street. About the year 1912 the street railway tracks were moved further east than they had previously existed, especially at and about the corner southwest of Spring Brook bridge. In their new location the east rail of the track for a number of rods comes within a few feet of the fence (marked on the plat "old fence") and the embankment sustaining the track completely covers the fence and extends several feet eastward, filling up a ditch east of the fence. This is the supposed encroachment of which the plaintiff complains. He claims that the fence is the true line, while the defendants claim that the road is four rods in width and that the true line is a considerable distance east of the fence along the broken line indicated in the plat.

The court found in accordance with the defendants' contention and dismissed the complaint, and the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Edward H. Ryan,* and for the respondents on that of *Thos. S. Nolan.*

WINSLOW, C. J. It is quite clear that the trial court was wrong as to the location of the east line of the highway at the place in question. There was no dispute as to the facts. The Janesville and Beloit road has existed for more than sixty years. There is no proof as to how or by whom it was first laid out, but it has been traveled longer than the time named. For upwards of fifty years, according to the uncontradicted evidence, the so-called "old fence" has stood in its

present location and marked the east line of the road as used. The plaintiff acquired title to the premises marked "plaintiff's land" on the plat in August, 1895, and has occupied them ever since, claiming that the fence was the line of the highway, just as his predecessors in title did for thirty years previously. The plaintiff's deed described the land as bounded on the west by the Janesville and Beloit road. This, of course, gave him title to the center of the highway, there being no words in the deed expressly or necessarily limiting the boundary to the side of the highway. *Gove v. White,* 20 Wis. 425.

So far as the east half of this highway is concerned it is only a highway by parol dedication and user and is limited by the extent of such user, which, at the place in question, ended at the fence.

The situation is different as to the west half of the highway. The property on the west side of the highway was owned by George L. and Sarah Carrington, who in May, 1891, platted it and recorded the plat under the name of Willow Grange addition. Upon this plat Beloit avenue was represented as a four-rod highway with boundaries coinciding with the broken lines on the plat. This, of course, was a complete dedication of the west half of the four-rod strip, but as to the east half it had no effect. True, the evidence further shows that the Carringtons bought the Cronin tract in July, 1892, held it until August 21, 1895, when they sold it to the plaintiff. The fence, however, remained, as well as the adverse occupation up to the fence, and when the Carringtons deeded to the plaintiff they bounded the land on the west by the highway. Had their deed to *Cronin* described the west boundary as the highway "according to the plat of Willow Grange addition," there would be strong ground for claiming that the plaintiff would be bound to recognize the highway as four rods in width according to the plat, but the boundary was fixed at the Janesville and Beloit road, the east line of which had been established, as we have seen, for many years.

So the court should have found that the fence line was the east line of the highway at this point.

It does not follow, however, that judgment for the plaintiff should have been rendered. Street railway companies now have the right of eminent domain. Secs. 1863*a*, 1863*b*, Stats. 1913. Within certain limitations (immaterial here) their powers and duties are the same in this respect as the powers and duties of commercial railroads. *In re Plowright,* 140 Wis. 512, 122 N. W. 1043.

It was long ago held by this court that when the owner of land, by express or tacit consent, has allowed a railway company to occupy his land for railway purposes, he cannot bring an action for trespass, but must proceed under the condemnation statute to have his compensation and damages assessed. *Hanlin v. C. & N. W. R. Co.* 61 Wis. 515, 21 N. W. 623. This holding has been followed ever since. *McCord v. Eastern R. Co.* 136 Wis. 254, 116 N. W. 845; *Pabst B. Co. v. Milwaukee,* 157 Wis. 158, 147 N. W. 46.

In the present case it appears that the embankment was placed on the plaintiff's land substantially as it now exists, nearly three years before the commencement of this action, and there is no evidence showing any protest or objection thereto by the plaintiff. This must be held conclusive evidence of consent. The plaintiff's remedy, therefore, was by commencing condemnation proceedings himself under the provisions of sec. 1852, Stats. 1913.

It is not necessary, however, that the plaintiff's action be dismissed. Under sec. 2836*b*, Stats. 1915 (Laws 1915, ch. 219, sec. 2), the trial court is required, in case of mistaken remedy like the present, to make an order granting leave to the plaintiff to amend his action or proceeding within a reasonable time, costs being in the discretion of the court, and to prosecute the amended action or proceeding in that court or in the proper court having jurisdiction, as the case may be. Only in case of neglect or refusal to so amend should the action be dismissed.

In the present case the court should have found as a fact that the fence marked the east line of the highway and that the plaintiff have leave to file (within a time to be fixed by the court) a petition for condemnation against the *Janesville Traction Company* (the corporation which owns and built the railroad and embankment in question). It does not appear that the *Interurban Company* is a necessary or proper party to the condemnation proceedings and as to it the action was properly dismissed.

*By the Court.*—Judgment of dismissal and costs affirmed as to the *Rockford & Interurban Railway Company* and reversed as to the *Janesville Traction Company,* and action remanded for further proceedings in accordance with the opinion. But one bill of costs to be taxed in this court, namely, in favor of the appellant and against the last named respondent.