PETERS, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY
    COMPANY and another, imp., Respondents.

*April 26—May 15, 1917.*

*Railroads: Construction in street: Consent by abutting owner: Rem-*
    *edies: Action for trespass: Contract: Pleading: Amendment:*
    *Condemnation proceeding.*

1. The construction of a railroad in front of plaintiff's land but on
   the farther half of the street and not taking any of his prop-
   erty—which, it is *held*, is the situation shown by the complaint
   in this case—was authorized by sub. (5), sec. 1828, Stats., and
   was not a trespass upon plaintiff's land, but entitled him, under
   sec. 1296a, to compensation for any consequential damages suf-
   fered through impairment of his rights appurtenant to the prop-
   erty.
2. Consent by a landowner to such occupancy of the street by a rail-
   road company, subject to his right to compensation, is a waiver
   of the right to sue for damages and to restrain the continuance
   of such occupancy, and his only remedy is by condemnation pro-
   ceedings under sec. 1852, Stats.
3. A complaint alleging that plaintiff desisted from protesting
   against construction of the track upon being assured that he
   would be compensated for the taking of the street and any dam-
   age sustained by him, did not set forth a cause of action on ex-
   press contract where the purpose of the action clearly was to
   recover damages and, in effect, to compel a removal of the track.
4. Plaintiff in such case, having made no further protest until after
   the track was completed and trains were running thereon, in
   effect consented to the occupancy of the street and, by force of
   the statute, there arose an implied contract on the part of the
   railroad company to pay to him his legal damages, to be deter-
   mined in condemnation proceedings; and there is no foundation
   for an action as for trespass or to abate a nuisance.
5. A demurrer to the complaint in such case was properly sustained;
   but under sec. 2836b, Stats. 1913, the action need not be dis-
   missed but may, by amendment, be turned into a proceeding for
   condemnation.

APPEAL from an order of the circuit court for Waukesha
county: MARTIN L. LUEOK, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a general demurrer
to plaintiff's complaint.

This, in substance, is the complaint so far as necessary for understanding the claimed infirmities thereof:

Since before the acts complained of, plaintiff owned and occupied as his residence lot 1 of Riverview addition to the city of Waukesha, Wisconsin, which fronted upon White Rock avenue and Harrison street in said city. About September 4, 1900, by ordinance, the city council of such city, in form, granted to defendant *Chicago & Northwestern Railway Company* the right to construct its tracks in said city across Main street, near the intersection of the northerly line of Wisconsin Central avenue, as shown by the plat of the Waukesha Land & Improvement Company's addition, in and along and near the northerly line of said avenue, and in and along and near the southerly line of Harrison street, across White Rock avenue, the unnamed street in block B of Cook's addition, and across Locust street between block B of Cook's addition and Gauthe's addition. Later said company conveyed such privilege to the *Minneapolis, St. Paul & Sault Ste. Marie Railway Company* under such conditions as to secure to the two companies a joint interest in the railway tracks when constructed. Later, in September, 1915, without first acquiring the property rights of plaintiff affected by the construction of said tracks, the second named company commenced such construction on Harrison street and across White Rock avenue, in the immediate vicinity of plaintiff's premises. He did not consent thereto or know, until the tracks were laid, what work was being done. As soon as he had such knowledge, he protested to the officers and agents of the railway company in charge of the matter to the further continuance of the construction work and laying of tracks and was then assured that the companies would pay him compensation for taking said street and any damages thereby sustained by him, and, relying thereon, he ceased to protest until after operation of cars on the tracks commenced. He then demanded compensation for taking and interference with his property, which was re-

fused. The operation of trains of cars on said tracks obstructs the street and deprives plaintiff of proper access to his property and otherwise injures such property, in violation of sec. 1296a, Stats. Since the construction of such tracks, said companies have been trespassing upon plaintiff's property and maintaining a nuisance in respect to the same. As a result thereof, such property has been lessened in value and made unsuitable for residence purposes. The wrong is a continuing one to his damage in the sum of $2,000.

Plaintiff asked for relief by way of an injunction to prevent further damages to his property and for compensation for damages already caused, with costs.

For the appellant there was a brief by *C. E. Armin* of Waukesha and *Glicksman, Gold & Corrigan* of Milwaukee, attorneys, and *Arthur J. Pellette* of Milwaukee, of counsel, and oral argument by *Mr. Pellette*.

*R. N. Van Doren* of Milwaukee, for the respondent *Chicago & Northwestern Railway Company*.

For the respondent *Minneapolis, St. Paul & Sault Ste. Marie Railway Company* the cause was submitted on the brief of *W. A. Hayes* of Milwaukee.

MARSHALL, J. The respondents had authority to construct their track and maintain and use the same on the street upon which plaintiff's property abutted, and "in the immediate vicinity" of such property, under sub. (5), sec. 1828, Stats., subject to sec. 1836, Stats., conditioned upon rendering to him just compensation as to any of such property taken and, in addition, such compensation for any consequential damage suffered by him by reason of any impairment of his rights appurtenant to such property secured to him by sec. 1296a, Stats. No ordinance of the city of Waukesha could authorize more so as to impair such right.

Appellant claims the complaint states a cause of action for redress for a wrong committed by respondents in having

trespassed upon his property and to restrain them from continuing to trespass thereon; but it seems that the pleading does not show, expressly or inferentially, that he is the owner or in possession of the land in the street, on which the tracks exist. Without such ownership or possession, there could be no trespass upon his property, though there might be a violation of his right appurtenant thereto. The complaint seems to expressly negative any such ownership or possession by the language charging that the *"Minneapolis, St. Paul & Sault Ste. Marie Railway Company* did commence, and actually construct, railroad tracks in and along . . . Harrison street and across White Rock avenue, and in the immediate vicinity of the premises owned by this plaintiff, and which said premises do front and abut on White Rock avenue and Harrison street."

Giving to the quoted language the most liberal construction which it will reasonably bear, in view of other language of the pleading to the effect that respondents' acts were in violation of appellant's rights under sec. 1296a entitling him to an unobstructed street for its full width in front of his property, the charge is that respondents constructed their track in front of appellant's property on the far half of the street. Such an occupancy did not take any of his property. It merely interfered with a right incident to the ownership on his side of the street up to the center line thereof; an interference resulting in consequential damages only, which, the railroad being a lawful structure, would be *damnum absque injuria* if it were not for the statutory right to recover therefor conferred by sec. 1296a, Stats. The subject is fully covered in *Kuhl v. C. & N. W. R. Co.* 101 Wis. 42, 77 N. W. 155. This seems to be a mere action to restrain the further infliction of consequential damages to plaintiff and to recover such damages already inflicted.

While we have thus briefly discussed the question of whether the wrong to appellant disclosed by the pleading is

a trespass by a taking of property owned by him, or a mere invasion of a right appurtenant thereto which is remediable, because the wrong was denominated a trespass in the complaint, and counsel on both sides gave much attention to the matter as if it were of vital consequence, it is immaterial, since, in either case, this action would lie if appellant did not waive the remedy invoked by consenting to respondents' occupancy of the street subject to his right to compensation. If he did, then the remedy therefor is by condemnation proceedings under sec. 1852, Stats. *Frey v. D., S. S. & A. R. Co.* 91 Wis. 309, 64 N. W. 1038; *Kuhl v. C. & N. W. R. Co.* 101 Wis. 42, 77 N. W. 155; *Cronin v. Janesville T. Co.* 163 Wis. 436, 158 N. W. 254.

It is suggested that the complaint sets forth a cause of action on express contract, in that it is alleged that appellant desisted from protesting against construction of the track upon being assured that he would be "compensated for the taking of such street and any damages sustained" by him. But it is quite clear that the action was not to recover on such a contract. Compensation of that sort would involve an acquirement of the right to the interference with plaintiff's property or right appurtenant thereto, while the purpose sought here is to recover past damages and prevent further damages by compelling respondents to desist from maintaining the track. If there were such a contract, as the one alleged, appellant repudiated it by prosecuting this action, in effect, for a removal of the track. It seems that the allegation as to compensation and appellant desisting from protesting upon assurance thereof, was inserted to indicate that he did not waive the particular remedy and elect to rely upon that of condemnation, by consenting to the construction and maintenance of the track.

The trial court evidently came to the conclusion that appellant consented to respondents' act and chose to rely upon his right to the compensation therefor, which he was entitled

to by law and which is recoverable in condemnation proceedings, and so waived the right to prosecute such an action as this.    It seems that such consent and. waiver appears quite clearly by the pleadings.    Respondents knew that if they invaded appellant's property, or violated a remediable right appurtenant thereto secured to him by the written law, they were bound to compensate him therefor, and the only reasonable inference, under all the circumstances, is that their assurance of compensation had reference thereto, the amount to be paid, unless agreed upon, to be awarded, in due course, in the statutory way. · When the assurance was given, it is alleged that appellant "made no further protest until after defendants, railway companies, commenced to operate trains over the highways."    That is to say, relying upon his attitude of consenting by ceasing to protest, they, without first making compensation to him, continued construction of the track to completion and put the same to use by operating trains thereon and that then he commenced this action, among other things, to compel them to remove the track.

It seems that the situation thus created satisfied the principle of the cases before cited.    Out of the circumstances, by force of the statute, there arose an implied contract on respondents' part to pay appellant his legal damages, determinable in condemnation proceedings, unless agreed upon, and in no other way.    In the words of *Kuhl v. C. & N. W. R. Co.* 101 Wis. 42, 77 N. W. 155, "The assent waived the tortious taking, if there were such, and an obligation in the nature of an implied contract between the parties arose from the situation,—on the one part to pay the legal damages caused to plaintiff's land by the construction of the road, and on the other, to accept the same in full for the permanent right to maintain such road as regards its effects upon plaintiff's lands,"—a. mere "chose in action" enforceable, if necessary, by the special remedy provided by statute.    Express or implied consent to the appropriation by railroad companies of

land, or rights appurtenant thereto, as in this case, is a relinquishment of the thing appropriated and acceptance of the legal compensation therefor, with the special remedy incident thereto. Thereby the very foundation of a trespass action becomes impossible, rendering the doctrine of trespass, continuous trespass, and nuisance actions inapplicable to the situation thus created.

It follows that the demurrer to the complaint was properly sustained.

Notwithstanding the result of this appeal, the action need not necessarily be dismissed. As held in *Cronin v. Janesville T. Co.* 163 Wis. 436, 440, 158 N. W. 254, under sec. 2836*b*, Stats. 1913, the trial court should permit the plaintiff, by proper amendment within a reasonable time, costs being in the discretion of the court, to turn the action into a proceeding for condemnation, and to prosecute the same as if regularly commenced, and render a judgment of dismissal only on neglect to so amend.

*By the Court.*—The order is affirmed, and the cause remanded to the circuit court for further proceedings in accordance with this opinion, one bill of costs to be taxed in each case.