# J. EMERSON GREENFIELD v. CHARLES A. OLSON AND ANOTHER.[1]

### July 11, 1919.

### No. 21,375.

**Vendor and purchaser — equitable title of vendee transferable.**

1. An executory contract for the sale of land vests in the vendee an equitable title to the land; a title and interest which he may convey or otherwise transfer to others.

**Same — lease from vendee to vendor — conveyance by vendor.**

2. A subsequent lease of a part of the land by the vendee to the vendor is valid, and the rights thus granted to the vendor will not be affected by a deed thereafter delivered by him to the grantee in performance of the executory contract of sale.

**Same — deed relates back to date of contract.**

3. The deed will relate back and take effect as of the date of the contract.

Action in the district court for Itasca county to recover possession of certain premises. The answer alleged that on November 10, 1903, plaintiff and Charles A. Olson entered into a contract for the sale to Olson of certain lands in Itasca county; that Olson paid plaintiff the full purchase price of the land and demanded conveyance thereof, but that plaintiff refused to convey the land, and asked for a conveyance or, if that could not be had, for $6,000 damages. The case was tried before Stanton, J., who made findings and ordered judgment in favor of defendants and that plaintiff execute a warranty deed of the land to defendants. Plaintiff's motion to amend the findings was granted in part and denied in part. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Howard Anderson* and *John Brennan,* for appellant.

*H. W. Stark,* for respondents.

[1]Reported in 173 N. W. 416.

BROWN, C. J.

Plaintiff was the owner of the land in controversy in this action and on the eighteenth day of November, 1905, entered into an executory contract for the sale thereof to defendant Charles A. Olson. The contract was in the usual form of such instruments, and obligated plaintiff to convey the land to defendant by a good and sufficient warranty deed, subject to certain mineral reservations, upon the payment of the purchase price, according to the terms of a promissory note then executed by defendant to plaintiff and bearing interest at the rate of 8 per cent per annum; a down payment of $100 was made at the time. The mortgage registry tax was subsequently paid and the contract duly recorded in the office of the register of deeds.

Subsequent to the execution of the contract, on December 8, 1908, defendant, his wife joining therein, by written instrument executed for the purpose, leased to plaintiff the shore rights and privileges of a certain lake situated upon the land for the term of 25 years at the annual rental of one dollar. The lease contained all stipulations and agreements deemed by the parties necessary to express the contract rights of each, but they are of no special importance and require no further mention.

There was default in the payment of the deferred instalments of the purchase price of the land and on February 23, 1917, plaintiff duly gave notice under the statute of the cancelation of the contract, unless within 30 days defendants should come forward and make payment of the balance due with interest, designating therein one H. J. Scott as plaintiff's representative to accept and receipt for the money when paid. Within the time limited by the notice defendants paid to Scott the full amount due on the contract, for which Scott formally executed and delivered to them a written receipt in acknowledgement thereof. The findings on this subject are fully supported by the evidence.

We digress here to remark that a controversy between plaintiff and his agent Scott, of which considerable is made in the brief of appellant. is of no special importance in the case. The controversy has reference to the insistence by Scott that plaintiff execute and deliver to defendants a deed of the property in accordance with the terms of the executory contract of sale. Plaintiff, as we understand the record, refused to ac-

cept the money on that condition, and Scott deposited the amount in a bank subject to his order on delivery of the proper deed. We discover no misconduct on the part of Scott, and, though plaintiff was dissatisfied with his conduct in the matter, the fact remains that he was plaintiff's agent and the payment of the money to him fully discharged defendants' obligations under the contract, entitling them to a deed of the land as stipulated therein. We therefore pass that feature of the case without further remark.

Referring again to the fact that subsequent to the execution and delivery of the executory contract of sale defendants leased to plaintiff the lake shore rights heretofore stated, we come to the real controversy in the case. Plaintiff refused to convey the land to defendants, unless there was inserted in the deed a clause reserving and protecting his rights under the lease. Defendants claimed that the lake shore lease had nothing to do with the executory contract of sale, and declined to accept a deed containing such a reservation, insisting that the lease be left to stand on its own foundation.

There is nothing of substance in the dispute. Defendants are entitled to a deed conveying the property to them in conformity with the terms of the contract of sale. The execution of such a deed, though subsequent in point of time to the lease, will not operate in a merger of the leasehold estate. The executory contract of sale vested in defendant the equitable title to the land, a title and interest which he could convey or otherwise transfer to others. Stearns v. Kennedy, 94 Minn. 439, 103 N. W. 212; 3 Dunnell, Minn. Dig. § 10045. The lease of the lake shore to plaintiff was valid, unless void for want of a consideration, a question we do not stop to consider, and vested in plaintiff the rights thereby granted precisely as though he had been a stranger to the title. A conveyance by him of the fee title, in performance of the executory contract of sale, will not affect his leasehold rights. The conveyance will relate back and take effect as of the date of the executory contract, leaving intact the rights granted by the lease. Gilbert v. McDonald, 94 Minn. 289, 102 N. W. 712, 110 Am. St. 368; Nicholson v. Congdon, 95 Minn. 188, 103 N. W. 1034; State v. Itasca Lumber Co. 100 Minn. 355, 111 N. W. 276.

The trial court was therefore right in directing a conveyance of the

land in performance of the contract of sale and the judgment appealed from is affirmed.