FRITZ and wife, Respondents, vs. SOUTHERN WISCONSIN POWER COMPANY, Appellant.

*September 19—October 16, 1923.*

*Eminent domain: Taking lands for flowage purposes: Necessity for compensation: Stipulation: Conceding necessity of taking: Effect: Damages to lands subject to flowage: Instructions.*

1. Where the defendant power company, on the hearing of a petition for the appointment of commissioners to appraise damages to land subjected to flowage by the building of its dam, stipulated in effect that the taking was necessary for defendant's flowage purposes, and took no proceedings to question or review the court's determination that there was a taking for such purposes, the determination is conclusive on an appeal from a judgment assessing damages.

2. Though there is no substantial change in the possession of land where it is subjected to flowage by the building of a dam, there is a "taking" within the constitutional provision requiring compensation.

3. Owners of farm land, part of which was subjected to flowage by the building of the dam, are entitled to the amount by which the value of their farm, including the part not directly affected, was lessened, but not to the damage to the flooded part alone, plus the consequent damages to the rest of the farm, especially when the jury was instructed to consider the damage to the flooded portion with its increased value as part of the whole farm.

4. Land used for a ferry landing, across a river from land subjected to flowage by the building of the dam, is improperly considered as part of the owner's farm in determining his damages; and while this error might be remedied by a proportionate reduction of the damages, it is *held* that error in an instruction (set out in the opinion) as to damages was prejudicial and requires a reversal, in view of the large if not excessive damages found by the jury.

APPEAL from a judgment of the circuit court for Adams county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

Action for damages to plaintiffs' farm sustained by reason of the building and maintaining of a dam by defendant in the Wisconsin river at Kilbourn.

Plaintiffs owned a farm of 175 acres in Adams county on the east side and also a strip of land of five acres in Juneau county on the west side of the river.

The 175 acres were divided by a highway running almost parallel with the river and in a generally northerly and southerly direction. Between this highway and the river were forty-seven and twelve one-hundredths acres, seventeen acres of which is high land not directly affected by the flood water. None of the forty-seven acres have ever been cultivated and were used only for pasturage and wood.

Defendant's dam was commenced in 1906 and completed in August, 1909. Plaintiffs' farm is about sixteen and one-half miles above the dam, and at the normal stage the back water extends eight or nine miles up the river and under high-water conditions to within about a half a mile below plaintiffs' farm.

In 1921 the plaintiffs applied to the circuit court for

Adams county for the appointment of commissioners to appraise the damages to the farm and describing the aforesaid forty-seven and twelve one-hundredths acres as being the portion of plaintiffs' land subject to flowage. Upon the hearing of said petition, due notice having been given, the defendant by its attorneys stipulated in writing to the effect that it consented that commissioners be appointed as prayed for in the petition without the taking of further proof and that the court might enter an order appointing commissioners. Thereupon an order was made September 19, 1921, declaring it necessary for the purposes of the defendant in the maintenance of its dam to take for flowage purposes the said forty-seven and twelve one-hundredths acres, and that such taking is for a public use and appointing commissioners to ascertain and appraise the compensation to be made to plaintiffs.

No exceptions were taken by defendant to such order and thereafter the commissioners duly appraised the compensation at $1,851.

Plaintiffs and defendants respectively appealed from such award. After trial was had in the circuit court on said appeal, at which evidence was received with reference to the five-acre strip of land on the west bank of the Wisconsin river as well as to the entire farm, and upon plaintiffs' application, the court granted leave to amend all the papers and pleadings so as to include the five-acre tract as a part of the area on which flowage right and easement is acquired in said proceedings.

The special verdict as answered by the jury was as follows:

"(1) Did the setting back of water by defendant's dam at Kilbourn cause injury to plaintiffs' bottom land? *A.* Yes.

"(2) What was the market value of plaintiffs' whole farm in November, 1921? *A.* $7,200.

"(3) What would the value of plaintiffs' whole farm have been in November, 1921, had it been then free from

such injury as you find was caused by defendant's dam? *A.* $10,246."

The court thereupon directed judgment for the difference between the two sums so found of $3,046 with interest and costs, and from the judgment so entered defendant has appealed.

For the appellant there was a brief by *Schubring, Ryan & Petersen* of Madison, and oral argument by *William Ryan.*

For the respondents there was a brief signed by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *Norman Quale.*

ESCHWEILER, J.   The appellant now contends that plaintiffs' lands are not, under the evidence as presented in court, affected by the dam, and for that reason judgment should be ordered for the defendant.

There is in our judgment sufficient evidence in the record to support the answer by the jury to the first question of the special verdict whereby they found that the setting back of the water of the river by defendant's dam did cause injury to the plaintiffs' lowlands adjoining the river.

Furthermore, it being in effect conceded by the stipulation signed by defendant at the time of the hearing of plaintiffs' petition for the appointment of commissioners that the taking of plaintiffs' land was necessary for defendant's flowage purposes, the subsequent determination by the court to that effect and the failure of the defendant to take any proceedings to question or review such determination are now conclusive upon them that there was a taking for flowage purposes. *Jeffery v. C. & M. E. R. Co.* 138 Wis. 1, 10, 119 N. W. 879.   In a later case, *Application of Gehrke,* 176 Wis. 452, 186 N. W. 1020, there was a similar application against this defendant to appraise flowage damage, but the issue was there raised by defendant at the commencement of the proceedings by challenging the allegations as to tak-

ing and damages in the petition for the appointment of appraisers rather than by presenting it, as here, after trial.

The defendant filed proper exceptions to and presents here for review the following portion of the charge to the jury:

"In considering the deductions from the answer to the second question to be made in answering the third, if such deduction you find justified, you may properly consider, if you think this will aid you in arriving at your answer to the third question, the decrease in value of the forty-seven acres of bottom land itself by reason of the dam, if such you find, considering the forty-seven acres as part of the whole farm, and in addition the decrease in value of the remainder of the farm by reason of the injury to the bottom land caused by the dam, if any such decrease you find."

We think this instruction was faulty as permitting, if not requiring, the jury to duplicate to some extent at least the damages. Much of the evidence upon which the substantial difference in the market value of the entire farm was found was to the effect that the substantial diminution in possible use of the forty-seven acres of lowlands as pasturage resulted in a consequent substantial decrease in the amount of manure that could be obtained from the farm itself to be spread on the cultivated portion.

By the challenged instruction the jury are in effect permitted to assess damages in a sum equal to the damage to the forty-seven acres with its added value by reason of its use with the farm as a whole, and then to add to that sum the damages to the remainder of the farm, but including as the element of damages to such remainder the damages expressly included and covered in the first mentioned sum. This seems to be squarely within what was condemned by this court in *Jeffery v. C. & M. E. R. Co.* 138 Wis. 1, 15, 119 N. W. 879, and discussed in the later appeal in the same proceedings of *Jeffery v. Osborne,* 145 Wis. 351, 364, 129 N. W. 931.

Under the situation here, where there is no substantial if any change in the possession of any part of the land such as is presented in the cases where a specific part of a man's entire property may be taken for railroad purposes, or where a specific portion is necessarily submerged by the ponding of water, there is but one element of damage, namely, the decrease in market value of the owner's property considered as a whole by reason of the detriment to it as a whole consequent upon the building and maintaining of the dam. Where land is actually taken in the sense of the former owner being deprived of the substantial use or possession thereof, as for railroad purposes, or by its submersion by the back water of a dam, such owner has a lessened acreage as well as a diminished value to the remainder of his holding by reason of such taking of the part; but here, for all practical purposes, the owners have the same acreage as before but of diminished value. In either event there is of course a taking within the meaning of the constitutional provision requiring compensation to be made.

So, as against the defendant, plaintiffs were entitled to have considered the entire farm east of the river, lowlands and highlands, as one tract, the value of which, considered as one tract, has been lessened by defendant's acts, and to the extent of such lessened value the defendant must pay; but plaintiffs are not entitled to have considered and allowed as elements of damage the damage to the lowlands directly affected by the water considered as a separate piece or unit, especially when, under the charge here, it must be considered with its increased value as a part of the whole farm, and then have added to such amount the consequent damages to the rest of the farm by reason of the very element which they were instructed to assess damages for to the lowlands as a separate item.

The court also instructed the jury that in answering the questions of the special verdict they should consider the five-acre tract on the west side of the river in Juneau county as part of the farm. To this appellants excepted, and we

Estate of Laper, 181 Wis. 443.

think rightly. This five-acre tract was purchased to be used and was used for a landing place for the ferry that had been maintained for some time by plaintiffs and their predecessor across the river from the farm. We think that under the evidence this could not properly be considered as a part of the farm as a whole in determining the plaintiffs' damages.

While this latter error is one that might be properly remedied by a proportionate reduction of the damages rather than a reversal, nevertheless we feel that justice does require a reversal on account of the misdirection as to damages. Upon the evidence the damages seem very large if not excessive, and that consideration also compels us to now hold that such instruction was prejudicial error and requires a reversal.

*By the Court.*—Judgment reversed.