CLARK, Appellant, vs. WISCONSIN-MINNESOTA LIGHT & POWER COMPANY, Respondent.

*February 11—March 10, 1925.*

*Eminent domain: Flooding lands: Judgment in condemnation proceedings: Collateral attack.*

> In an action to recover the value of lands overflowed by defendant's dam, plaintiff could not, in the absence of fraud, attack a judgment in condemnation proceedings brought by defendant against plaintiff and of which he had notice but in which he refrained from taking part, plaintiff's exclusive remedy being in the condemnation proceedings. *Donaldson v. Buhlman,* 134 Wis. 117, distinguished.

APPEAL from a judgment of the circuit court for Chippewa county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

Trespass. This action was begun to recover the value of certain lands overflowed by the Wissota dam, owned and operated by the defendant. It appears by the complaint that in 1917 the defendant commenced condemnation proceedings; that thereafter commissioners were appointed; that the lands described in plaintiff's complaint were appraised and there was awarded to the plaintiff the sum of $900 on account of the lands in question. It is then alleged that at the time of the appraisal the defendant wrongfully

and falsely represented to the commissioners that the defendant had the legal right to flood and submerge all of the northeast quarter of the southwest quarter, and that in making said appraisal the said commissioners took into consideration such representations and were misled thereby, and alleges that the condemnation proceedings are void. The defendant answered, admits the ownership of the lands to be in plaintiff subject to the rights of the defendant; admits the construction of the dam; alleges it to have been done by virtue of the authority of the railroad commission of Wisconsin as required by law; denies the making of any false representations to the commissioners; alleges the deposit by it with the clerk of the circuit court of the amount of the award, and alleges that the condemnation proceedings were in all respects valid and legal.

The court found that the defendant built and maintained the Wissota dam; found that on the 8th day of November, 1882, Elizabeth Clark, the plaintiff's predecessor in title, executed the conveyance in question; found that the defendant was not guilty of any fraud in connection with the condemnation proceedings, but that the same were conducted regularly and in the manner provided by law, and that the defendant was entitled to judgment dismissing the plaintiff's complaint.    From the judgment entered accordingly the plaintiff appeals.

For the appellant there were briefs by *W. M. Bowe* and *J. M. Leinenkugel,* both of Chippewa Falls, and oral argument by *Mr. Leinenkugel.*

*Dayton E. Cook* of Chippewa Falls, for the respondent.

ROSENBERRY, J.    It is the contention of the plaintiff that under the doctrine laid down in *Donaldson v. Buhlman,* 134 Wis. 117, 113 N. W. 638, 114 N. W. 431, the award of the commissioners in the condemnation proceedings as affirmed by the court is subject to collateral attack.    In this respect we are of the opinion that the plaintiff misinterprets the

decision in *Donaldson v. Buhlman, supra.* That was a common-law arbitration, and the court held that the arbitrators had gone outside of and had misconceived their jurisdiction, that their decision was arbitrary and oppressive, and for those reasons set it aside. Nothing of that kind appears in this case. It does appear that the plaintiff had notice of the condemnation proceedings; that he refrained from taking any part therein; that there was no fraud. Over five years after the conclusion of the condemnation proceedings he brings this action and attempts in this action to attack the order and judgment of the circuit court in the condemnation proceedings. This he may not do. Condemnation proceedings having been instituted prior to the commencement of this action, the plaintiff's exclusive remedy is to be found therein. Sec. 1778*h*, Stats. 1915; *Dodge v. Burns,* 6 Wis. 514; 20 Corp. Jur. p. 1067, § 451. See, also, *Brasch v. Rothschild W. P. Co.* 150 Wis. 594, 137 N. W. 788.

*By the Court.*—Judgment affirmed.