BENKA and wife, Respondents, vs. CONSOLIDATED WATER POWER COMPANY, Appellant.   [Two appeals.]

*March 5—April 2, 1929.*

473

For the appellant there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, attorneys, and *Fisher & Cashin* of Stevens Point, of counsel, and oral argument by *Theo. W. Brazeau.*

For the respondents there was a brief by *Carpenter & Jenkins* and *W. E. Atwell,* all of Stevens Point, and oral argument by *Mr. L. N. Jenkins* and *Mr. Atwell.*

ESCHWEILER, J. The allegations of the complaints and concerning which testimony was offered, clearly showed that the plaintiffs relied, in seeking to recover damages from the defendant, that they, as owners of real estate submerged or undermined by the ponding of the water in defendant's dam, were deprived, by reason thereof, of a substantial use of the lands or sustained a substantial interference with their rights of possession. Such claimed damages, if properly chargeable to the backwater in defendant's dam, was a *taking* of the property rights of plaintiffs in their respective real-estate holdings, within the meaning of that term in the statutes regulating condemnation proceedings. *Fritz v. Southern Wis. P. Co.* 181 Wis. 437, 442, 195 N. W. 321; *Application of Gehrke,* 176 Wis. 452, 186 N. W. 1020; *Wells v. Wis. River P. Co.* 167 Wis. 345, 347, 167 N. W. 445. Such doctrine was evidently recognized in *Rocheleau v. Consolidated W. P. & P. Co.* 189 Wis. 290, 206 N. W. 846, and *McDonald v. Apple River P. Co.* 164 Wis. 450, 160 N. W. 156.

The damages, the right to which is asserted by plaintiffs, being caused by that which, in law, under such a situation, must be deemed a *taking* of the property rights of plaintiffs, and within sec. 32.04, Stats., which provides two distinct methods for the commencing of condemnation proceedings: one by the corporation seeking to condemn, and the other by the owner of the lands claimed to be taken. This was pointed

out in *Skalicky v. Friendship E. L. & P. Co.* 193 Wis. 395, 399, 214 N. W. 388.

There being such a statutory remedy furnished to plaintiffs in just such a position as here presented, namely, one where a defendant denies that there is any such *taking* and for that reason refuses to commence condemnation proceedings, then it is clearly the legislative purpose to permit the owner of the lands to institute proceedings to once and for all recover the damages consequent upon such taking.

That such a remedy is the exclusive one has been recently expressly decided in *Price v. Marinette & M. P. Co.* 197 Wis. 25, 221 N. W. 381, and in the case there cited of *Peters v. C. & N. W. R. Co.* 165 Wis. 529, 532, 162 N. W. 916. To the same effect is *McDonald v. Apple River P. Co.* 164 Wis. 450, 456, 160 N. W. 156, *supra;* and the same rule is in effect recognized in *Clark v. Wisconsin-Minnesota L. & P. Co.* 186 Wis. 380, 382, 202 N. W. 678, although condemnation proceedings had there been already instituted.

It being clearly an exclusive remedy and also evidencing a complete legislative scheme contemplating but a single method of reaching the desired result, it does not permit of any other or of a combination of two or more schemes or remedies, as is pointed out in *Milwaukee v. Diller,* 194 Wis. 376, 383, 216 N. W. 837.

We are therefore compelled to hold that the proceedings below should have been stayed as asked for by the defendant, to enable the plaintiffs, if they so elect, to take the proper steps to recover damages under the condemnation statute.

*By the Court.*—Judgment reversed, and cause remanded with directions for further proceedings in accordance with this opinion.