PETERSON, Appellant, vs. LAKE SUPERIOR DISTRICT POWER COMPANY, Respondent.*

*October 10—November 15, 1949.*

---

\* Motions for rehearing denied, without costs, on December 30, 1949.

For the appellant there was a brief by *J. C. Raineri, Alex Raineri,* and *Raineri & Raineri,* all of Hurley, and oral argument by *J. C. Raineri.*

For the respondent there was a brief by *Sanborn, Lamoreux & Pray* of Ashland, and oral argument by *Theron P. Pray.*

BROADFOOT, J.    Plaintiff contends that she is entitled to recover damages resulting from the cutting upon the entire width of forty to fifty feet for the reason that defendant has gained no rights by prescription because of the provisions of sec. 330.12, Stats., which reads as follows:

"(1)  No presumption of the right to maintain any wire or cable used for telegraph, telephone, electric light or any other electrical use or purpose whatever shall arise from the lapse of time during which the same has been or shall be attached to or extended over any building or land; nor shall any prescriptive right to maintain the same result from the continued maintenance thereof.

"(2)  The mere use of a way over uninclosed land shall be presumed to be permissive and not adverse."

The defendant contends that it is not claiming an easement by adverse user; that its original entry upon the premises was with the express or tacit consent of the then owner; that under those circumstances the only remedy of the landowner is to proceed under ch. 32, Stats., and that under sec. 180.17 (5) any claim was barred before the commencement of the action. That section provides as follows:

"The proceedings authorized in chapter 32 shall not be taken nor other action commenced against the corporation in respect to its rights to use or possess lands, unless begun within six years after the commencement of such use or possession."

The trial court noted a conflict between those sections, and held that sec. 180.17 (5), Stats., being enacted in 1901 while sec. 330.12 was enacted in 1885, is controlling. The revisor of statutes also notes the conflict. Any conflict should be resolved by legislative action. But under the statutes as they are, the trial court was correct on this point.

The court also found that the original entry by the defendant upon the land in question was by the permission or tacit understanding of the then owner. The Wisconsin rule in such cases is expressed as follows in the case of *Price v. Marinette & M. P. Co.* 197 Wis. 25, 27, 221 N. W. 381:

"Under such circumstances, we think the rule long established in this state, that where a corporation entitled to exercise the power of eminent domain has, by the express or tacit consent of the owner, taken possession of property and is in the possession thereof so that its possession amounts to a taking for corporate purposes, in the event that the taker neglects to institute proceedings under ch. 32 the owner may do so, and that his right to invoke such proceeding is exclusive of any other remedy. See *Peters v. C. & N. W. R. Co.* 165 Wis. 529, 162 N. W. 916, and cases there cited."

This action, however, was not only for the original entry upon the land, but for the cutting in 1945 or 1946. To the extent that the last cutting exceeded the original taking, we hold that an action for trespass will lie.

The record discloses the following as to the extent of the original entry. Russell C. Boles, the defendant's superintendent of construction who supervised the building of the power line in 1928, testified as follows in answer to a question by the attorney for the defendant:

"*Q.* Do you recall the extent to which the right of way across the Peterson property was cut at the time the line was originally built? *A.* Well, it was cut, I would say, from fifteen to twenty feet wide or fifteen to twenty-five feet wide."

The brush and trees cut were not shade or ornamental trees within the meaning of sec. 180.17 (6), Stats. The finding of the jury on damages was not a proper one under the rule here stated, and there will have to be a new determination of damages.

The plaintiff further contends that she is entitled to recover for all damages to her property, including those resulting from the original entry, under the provisions of sec. 330.17, Stats., which reads as follows:

"Whenever any land or any interest therein has been or shall hereafter be taken, entered upon or appropriated for the purpose of its business by any railroad corporation, electric railroad or power company, telephone company or telegraph company without said corporation or company having first acquired title thereto by purchase or condemnation, as by statute provided, the owner of any such land, his heirs, assigns and legal representatives shall have and are hereby given the right to at any time within twenty years from the date of such taking, entry or appropriation, sue for damages sustained because of such taking, from the corporation or company so taking, entering upon or appropriating said lands or its successors in title, in the circuit court of the county in which said land is situated."

Plaintiff's contention is that the word "assigns" as used in said section is broad enough to include grantees or the grantee of a grantee as in this case. That meaning was given to the word in *Finney v. Ford,* 22 Wis. 173, where it was held that a grantee of a grantee in a tax deed was his "assign" within the meaning of ch. 22, Laws of 1859. That rule has not been extended in Wisconsin. The majority rule is well stated in 16 Am. Jur., Deeds, p. 607, sec. 297, as follows:

"The right to damages for trespass or other injury to real estate previous to the conveyance thereof is assignable, but such right does not pass by a conveyance of the land in the absence of provision in the deed. The happening of damage, however, is an element of the cause of action; consequently,

the grantee may maintain suit for any damage appearing after he has acquired title."

We adhere to this rule.

*By the Court.*—Judgment reversed and cause remanded for a new trial to determine the extent of the original taking and the damages for trespass upon plaintiff's property in excess thereof.