Lee Realty Corporation, Appellant, v. City of West Allis, Respondent.

*September 8—October 4, 1966.*

For the appellant there was a brief by *Lichtsinn, Dede, Anderson & Ryan* of Milwaukee, and oral argument by *Eldred Dede.*

For the respondent there was a brief and oral argument by *William T. Schmid,* city attorney.

HANLEY, J. The issue presented on this appeal is: Did the deed involved herein require payment of additional consideration by the grantee at or following the time the grantee took possession of the lands described in the deed?

Appellant sets forth provisions of ch. 32, Stats. 1955, which contain procedures both for valuation of lands upon a partial taking and institution of proceedings by an owner where his property was taken for public purposes without immediate condemnation proceedings. The contention is made that the quitclaim deed conveyance on April 24, 1956, was made with these statutes in mind. However, there is no transcript of testimony in the appeal record, and therefore no evidence to support counsel's conclusion. The respondent could equally contend that the parties must also have been aware of sec. 66.60, Stats. 1955, which sets forth the procedures to be followed for assessments of benefits and awards of damages for public improvement. So far as the "condition" of the deed is concerned, the parties would seem to have related themselves to those procedures and as for the grantor, specifically to the "sole remedy" granted by sec. 66.60 (13). Respondent could also contend that the parties had in mind sec. 84.09 (1), which authorized the acquisition of land for public improvement by gift.

Appellant refers to sec. 32.15 (1), Stats. 1955, contending that the language in this provision is similar to that used in the deed. More specifically, the deed refers to benefits and damages upon the completion of the proj-

ect, while sec. 32.15 (1) states: "pay the compensation therefor when finally ascertained." Sec. 32.15 (1) applies only if the person having potential condemnation power "has not acquired title thereto, or if such title was defective." At this point, if the condemnor were in possession then the owner could demand payment into court of a sufficient sum to pay compensation when finally ascertained.

In the case at bar the deed had already conveyed valid title, and sec. 32.15 (1), Stats., would be inapplicable. The deed did not expressly mention anything concerning condemnation.

The appellant contends the award of damages was unnecessary if the fee-simple title to land had already been acquired by the condemnor. This does not necessarily follow since the highway commission proceeded under sec. 84.09, Stats. 1959, and by sec. 84.09 (3m), an award had to be made at such time as the highway commission and the commissioners appointed by the city could agree upon an award. The award was also necessary to provide compensation for the demolition of the building.

Appellant further contends that the procedure contemplated by the deed is analogous to inverse condemnation, citing the case of *Peterson v. Lake Superior District Power Co.* (1949), 255 Wis. 584, 39 N. W. (2d) 706, as authority for the proposition of inverse condemnation. The case is distinguishable on its facts. In that case no deed was given by the owner and therefore the owner could invoke ch. 32 proceedings.

Analysis of the portion of the deed which has caused the litigation shows that the portion up to the word "provided" is a condition precedent or reservation with respect to possession or use of the premises. The language reserves the use of "the land and building thereon" in the grantor until the grantee utilizes "the above-described premises . . . for street purposes."

There is nothing in this part of the "condition" which in any manner casts doubt upon the efficacy of the remainder of the deed to convey title to the land. The remaining portion of the "condition" is the following:

". . . provided, however, that this conveyance shall not prejudice the rights of the parties hereto with respect to benefits and damages allowed and assessed upon the completion of the said public improvement."

The above "condition" must be construed to be operative upon both the grantor and grantee since the phrase "parties hereto" is used. The phrase "shall not prejudice the rights" must mean the respective rights of each of the parties. Since the "rights" of both parties are clearly involved, there is no reason to suppose that the language utilized in the "condition" of the deed required only some additional payment in an unknown amount from the grantee to the grantor.

There is no language in the deed which places any obligation upon the grantee to make any further payment of compensation or consideration to the grantor at any other time.

The statutes in effect at the time of execution and delivery of the deed leave no doubt concerning the fact that this deed actually conveyed the title of the grantor. Secs. 235.04, Stats. 1955, 235.05, and 235.06.

In the absence of any specific language in the deed reserving to the grantor a right to additional compensation the deed speaks for itself. Sec. 235.04, Stats. 1955, requires "express terms" or a necessary implication, neither of which can be found in this deed to support payment of additional consideration.

The deed recites a consideration and is under seal, and in the absence of evidence that there was no consideration, one is presumed. In *Giblin v. Giblin* (1921), 173 Wis. 632, 636, 182 N. W. 357, the court said:

"The deeds recite a consideration, are under seal, and in the absence of evidence that there was no consideration one is presumed."

Here there is no evidence in the record other than exhibits. Therefore the presumption is not rebutted. Appellant in this case relies on the fact that respondent in 1960 made an award of damages to the appellant, that the award contained a legal description of the land conveyed by deed. However, following the description of the premises the award continues by condemning the right of entry "onto the remainder of the owner's property for the purpose of removing any building which encroaches upon" the land previously described in the award. The award continues by providing compensation for the demolition of the building.

There is no way in which the award of damages could affect the title previously obtained by the respondent from the appellant by the deed of April 24, 1956. The "condition" in the deed recites that the grantee "shall in no way or manner attempt to remove the building" so that as a practical matter an award of damages had to be made for the demolition of the building. The deed does not on its face convey the complete interest to the grantee in the building, at least the substantial part of the building not on the premises conveyed by the deed. The award was clearly for that purpose. The court concludes that the respondent obtained title to the fee of the land involved by the deed of April 24, 1956, that there is no language in the deed which places any obligation upon the grantee to make any further payment of compensation, that the award of damages was clearly for the purpose of providing compensation for the demolition of the building, even though it contained a legal description of land identical to that described in the deed of conveyance, and that sec. 32.15 (1), Stats. 1955, is inapplicable.

*By the Court.*—Judgment affirmed.