John Arthur WILLIAMS, Jr., et al., Appellants,

v.

TOWNSHIP OF LYND, defendant and third party plaintiff, Respondent,

Louis E. Taveirne, third party defendant, Respondent.

No. 81–463.

Supreme Court of Minnesota.

Nov. 13, 1981.

---

James R. Anderson, Marshall, for appellants.

Quarnstrom, Doring, Pederson, Leary & Murphy and W. P. Quarnstrom, Marshall, for Township of Lynd.

Gordon Paterson, Marshall, for Taveirne.

TODD, Justice.

This is an appeal from an order directing a verdict for defendant Township of Lynd with respect to part of plaintiff's action for damages resulting from an alleged unauthorized entry and removal of trees from two adjacent tracts of land.

In October of 1978, the Lynd Township Board retained Louis Taveirne to clear brush along a township road. Taveirne was told by Arnold Buesing, the Board Chairman, that the road to be cleared was a 4-rod road (66 feet wide). Taveirne understood by this instruction that he was to clear the roadway 33 feet on either side of the centerline. In fact, the roadway was cleared beyond 33 feet, up to 50 feet from the center of the road.

Plaintiff Williams brought this action against the Township of Lynd for unauthorized entry and unauthorized removal of trees from two adjacent tracts of land which had as their southern boundary the centerline of the township road. At the time the road was cleared, Williams owned one tract (referred to by the parties as the Williams/Tucht tract) in fee. The second tract (the Dwire tract) was at one time part of a large 30-acre tract that had been owned originally by Louis Taveirne but was purchased by plaintiffs James Dwire and Walter Maeyeart under a contract for deed dated February 14, 1978. In June of 1978, Dwire and Maeyeart, acting as J & W Partnership, signed an earnest money contract with a third person, Myron Radel, for the entire 30-acre tract and set a closing date of February 15, 1979. In September of 1978, Dwire and Maeyeart agreed to allow Radel to transfer the portion of the 30-acre tract

north of the township road and adjacent to the Williams/Tucht tract to plaintiff Williams. Williams and Radel had previously entered into an agreement that Williams would receive the northern part (the Dwire tract) of the original 30 acres and Radel would keep the southern part. Radel and Williams entered into an earnest money agreement dated September 8, 1978, covering the Dwire tract.

A warranty deed dated February 15, 1979, and filed for record February 21, 1979, was the consequence of these various agreements. This deed conveyed the interests of Taveirne, Dwire, and Maeyeart in the Dwire tract to Williams. The deed fulfilled Radel's obligation under the earnest money contract with Williams to sell Williams the Dwire tract. The warranty deed also contained the following language:

> It is explicitly understood that all legal causes of action arising from the use or misuse of conveyed premises are hereunder transferred to the party of the second part [Williams].

Upon commencement of the action for damages, a motion for summary judgment was brought by the Township of Lynd. This motion was denied. On the morning of trial, a hearing was held and at that time the trial court directed a verdict in favor of the defendant Township as to the Dwire tract. The grounds for the ruling were stated as follows: (1) plaintiffs Dwire, Maeyeart, and Williams had only such rights as might accrue to the contract vendor Taveirne; (2) Taveirne, a third party defendant, was solely responsible for the damages to the Dwire tract, and therefore the Township could not be liable to plaintiffs; (3) plaintiffs, by paying money to Taveirne under the contract for the sale of the Dwire tract after the property was damaged, waived any right they might have had against Taveirne. Plaintiffs appeal this ruling.

1. The question of which party has the right to bring an action for damages to the Dwire tract is confused by the fact that the property was the subject of the contract for deed to Dwire and Maeyeart and the subsequent earnest money contracts at the time the road was cleared. The trial court ruled that, at the time the property was cleared, plaintiffs Dwire and Maeyeart were vendees under a contract for deed and as such had only the rights that might accrue to Taveirne, the contract for deed vendor. Plaintiff Williams was a party to a purchase money contract for the sale of the portion of the property that was injured. The court ruled also that he had only the rights which accrued to Taveirne.

The ruling below is an incorrect interpretation of Minnesota law. Plaintiffs Dwire and Maeyeart, having entered into a contract for deed, were the equitable owners of the property. *See Greenfield v. Olson,* 143 Minn. 275, 277, 173 N.W. 416, 417 (1919). We have held that a vendee in possession under an executory contract is entitled to recover the whole amount of damages resulting from trespass upon the property. *Hueston v. Mississippi & Rum River Boom. Co.,* 76 Minn. 251, 79 N.W. 92 (1899).

Here, the property was an undeveloped, heavily wooded tract. There is no evidence in the record indicating that plaintiffs were in actual possession of the property or were exercising control over it. The contract for deed, however, stated that plaintiffs Dwire and Maeyeart were to have possession of the property absent a breach or default by them necessitating surrender of the property. Under the rationale of the *Hueston* case, the plaintiffs Dwire and Maeyeart, as vendees with a right of possession at the time of the alleged unauthorized entry on and clearing of the property, would be entitled to bring an action for damages. In *Hueston* we stated:

> The general rule is that damages in an action for trespass upon real property may be such as are appropriate to the tenure by which the plaintiff holds. Possession alone will entitle him to recover damages for any injury solely affecting it. If he seeks to recover for the future, he must show that his title gives him an interest in the damages claimed, and he can recover none except such as affect his own right, unless he holds in such relation

to other parties interested that his recovery will bar their claim. * * * In this case the injury is wholly to plaintiff. He will have to pay to his vendor the full contract price, notwithstanding that the premises may have been depreciated in value by the trespass.

*Id.* at 254, 79 N.W. at 93.

■■ Prior to the clearing of the Dwire tract in October of 1978, plaintiff Williams had entered into a purchase money agreement with Radel for the sale of the property. That contract itself would not entitle Williams to recover in a trespass action[1] but because Dwire and Maeyeart had a valid right to claim trespass damages, the later assignment of that right to Williams in the warranty deed entitled him to bring an action against the Township for damages.[2] The right to damages for trespass or other damage to property is assignable if there is an express provision in the deed. *Peterson v. Lake Superior Dist. Power Co.*, 255 Wis. 584, 39 N.W.2d 706 (1949). Here, the warranty deed conveying the Dwire tract to Williams from Taveirne, Dwire, and Maeyeart expressly transferred "all legal causes of action arising from the use or misuse of conveyed premises" to Williams. We therefore hold that plaintiff Williams had a valid cause of action against Louis Taveirne and the Township.

2. The trial court found that Taveirne, coincidentally the vendor of the property and the person hired by the Township to clear it, was solely responsible for the damage to the property, and that plaintiffs Dwire and Maeyeart had waived their right to sue Taveirne by paying on the contract for deed after the damage occurred. The

trial court gave no reason for its finding that Taveirne, rather than the Township, was liable for the damage.

■■ From the depositions taken in anticipation of trial, it is clear that none of the parties intended to waive their right to bring suit. Their transactions were carried on throughout under the assumption that the right to damages would not be waived but would eventually belong to Williams as the ultimate owner of the property. Respondent argues that Williams waived any right to claim damages by accepting a deed to the property subsequent to the time the damage occurred. Williams stated in his deposition, however, that he elected to go through with the purchase on the condition that the sellers assign to him any cause of action they had relative to the damage done to the property. In addition, the assignment of the cause of action in the deed bears out his claim. Dwire stated in his deposition that he had no knowledge of the damage to their property until he was asked by Williams to join the lawsuit. Because a waiver is the intentional relinquishment of a known right and that intent must be clearly shown, *Lawson v. Helmich*, 20 Wash.2d 167, 146 P.2d 537 (1944), it was error for the trial court to grant a directed verdict on that ground.

The order of the trial court directing a verdict for defendants is reversed and the case is remanded for a trial on the issues.

Reversed and remanded.

1. In the absence of the assignment, the earnest money contracts from Maeyeart and Dwire to Radel and from Radel to Williams would not be adequate to give Williams any right of recovery for trespass. Each provided that "no property right attaches to the buyer" until completion of a Torrens action, and neither gave the buyer a right to possession.

2. Respondent Township of Lyon argues that Taveirne, Dwire, and Maeyeart had no cause of action to assign because they all received the full contract price for the damaged property. This argument ignores the fact that the only

reason that each party in the chain of title was paid in full was because Williams, the ultimate owner, was assigned the right to recover damages from the Township. Williams relied on the assignment of that right when he agreed to go· through with the purchase of the property. In addition, respondent's argument would yield the illogical result that no one would be entitled to recover for damage to the property despite the fact that someone must have had the right to possession of the property at the time it was unlawfully cleared.