GEORGE, Administrator, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

<div style="float:right">51     603<br>59 LRA  707</div>

*March 9 — March 24, 1881.*

*(1) Limitation of action for injuries causing death. (2) When complaint demurrable on that ground.*

1. Actions to recover damages for injuries from negligence, etc., causing death, will not lie unless brought within the time limited by the statute which gives the right of action, viz.: two years from the death of the person injured.

2. The objection that it appears from the complaint that the action was not brought within the time limited, may be taken by demurrer on that specific ground *(Howell v. Howell,* 15 Wis., 55; R. S., sec. 2649, subd. 7); and a complaint which shows that no administrator of the estate of such decedent was appointed till more than two years after his death, is open to that objection.

APPEAL from the Circuit Court for *Waukesha* County.
The complaint alleges that on July 15, 1875, the servants of the defendant company negligently ran a train of cars over the plaintiff's intestate, Richard George, and killed him. Due appointment of the plaintiff as administrator of the estate of the deceased, on the 4th of October, 1879, is also alleged. The action was brought under the statute to recover damages for such killing. The defendant demurred to the complaint, on the ground that it appeared on the face thereof that the action was not commenced within the time limited by law. The demurrer was overruled, and defendant appealed from the order.

*Melbert B. Cary*, for the appellant.

For the respondent there was a brief by *J. V. V. Platto* and *P. H. Carney*, and oral argument by *Mr. Platto*.

LYON, J. This action was brought under the provisions of R. S., secs. 4255, 4256. The same statute stands in the revision of 1858 as sections 12 and 13 of chapter 135. Section 13 contains the following *proviso:* "Every such action shall be commenced within two years after the death of such deceased person." This limitation is incorporated in the present revision in section 4224, subd. 3.

The action is purely statutory, and can only be maintained on the terms and conditions, and under the circumstances, specified in the statute. The limitation of two years therein prescribed is absolute and unconditional. Hence, the right of action for the alleged negligent killing of the plaintiff's intestate expired July 15, 1877. The action can no more be brought and maintained after that date than could such an action be maintained in the absence of any statute giving it. The action could not have been brought before the plaintiff was appointed administrator. It appears from the complaint that he was not appointed until more than four years had elapsed after the death of the intestate. It therefore appears on the face of the

Carberry and another vs. The German Ins. Co. of Freeport, Ill.

complaint that the limitation of the statute had run against the cause of action before the action was commenced. But it was argued that the question of limitation cannot be raised by demurrer. That proposition was ruled the other way in *Howell v. Howell*, 15 Wis., 55. It was there held that the defendant may avail himself of the statute of limitations on demurrer to the complaint, if it appears on the face of it that the statute bar was complete before the action was commenced, and if that is one of the causes of demurrer assigned. Whatever some of the members of this court may have thought of that judgment, the court has never overruled it or questioned its accuracy. It has stood as the law of this state since it was pronounced — nearly twenty years ago, — and the rule is incorporated in the present revision of the statutes. R. S., 725, sec. 2649, subd. 7.

*By the Court.* — The order overruling the demurrer to the complaint is reversed, and the cause remanded with directions to the circuit court to sustain such demurrer.