GILL, Respondent, vs. THE MILWAUKEE & LAKE WINNE-
BAGO RAILROAD COMPANY, Appellant.

*February 27 — March 18, 1890.*

*Railroads: Eminent domain: Practice.*

1. Sec. 2863, R. S., providing that findings of fact and conclusions of
   law shall be filed upon the trial of a question of fact by the court,
   applies only to the trial of an action, and not to a special proceed-
   ing, such as the appointment of commissioners to ascertain the
   compensation to be made for lands taken for a railroad.
2. The first meeting of commissioners of appraisal not having been
   held at the time fixed in the order appointing them, a second
   order, made at a subsequent term, appointing the same commis-
   sioners and fixing a later date for their first meeting, was harmless
   and inoperative as to such appointment, and as to the meeting
   was regular.

APPEAL from the Circuit Court for *Fond du Lac* County.
The proceeding was instituted in the circuit court by the
respondent, *Michael Gill,* under sec. 1852, R. S., to procure
the appointment of commissioners to appraise his damages
caused by the taking of certain of his real estate by the appel-
lant, the *Milwaukee & Lake Winnebago Railroad Company,*
for the purposes of its railroad. The petition of the respond-
ent alleges that he is the owner in fee of certain lots in the
city of Fond du Lac, therein described, and, substantially,
that a portion thereof has been so taken by the railroad
company, and the residue damaged by such taking. The
petition also contains other averments not material to the
determination of this appeal. The railroad company an-
swered the petition, denying the alleged taking and dam-
age. On the issue thus formed, a hearing was had before
the court, and testimony introduced, but the testimony is
not preserved in the record. The court, afterwards, under
date of July 2, 1889, made an order appointing commis-
sioners as prayed, and fixed therein the time and place of

their first meeting. The order recites that no sufficient cause was shown against granting the prayer of the petitioner. No findings of fact or conclusions of law were filed, and the order contains no other recital that the disputed facts stated in the petition were proved or disproved.

Subsequently a motion was made on behalf of the railroad company that findings of fact and conclusions of law be prepared, settled, and served, and filed as of the date of such order. The motion was denied August 15, 1889. At a later term of the court, on the application and consent of the petitioner, and against objection in behalf of the company, the court made another order, dated September 7, 1889, appointing the same commissioners, and fixing a later date for their first meeting, but did not vacate the order of July 2d. The order of September 7th was applied for because counsel for the railroad company was not present when the commissioners were first selected, and it was thought advisable that an opportunity should be given the company to be heard in the matter of such selection. The railroad company appeals from each of the three orders above mentioned.

For the appellant there was a brief by *D. S. Wegg* and *Howard Morris*, attorneys, and *T. H. Gill*, of counsel, and the case was argued orally by *Mr. Gill.*

For the respondent the cause was submitted on the brief of *David Babcock*, attorney, and *Bashford & O'Connor*, of counsel.

LYON, J. Two reasons are urged for the reversal of the orders appealed from. These are: (1) The making and filing of findings of fact and conclusions of law are essential to the validity of the order appointing commissioners; and (2) the court had no jurisdiction, at a subsequent term, to interfere with the original appointment of the commissioners.

Gill vs. The Milwaukee & Lake Winnebago R. Co.

1. This proceeding for the appointment of commissioners is not an action, but a special proceeding, and the order appointing or refusing to appoint commissioners is a final order therein. *Wis. Cent. R. Co. v. Cornell University*, 49 Wis. 162. The statute which requires that findings of fact and conclusions of law be filed when an issue of fact is tried by the court without a jury applies only to issues in an action. [R. S. sec. 2863.] We are aware of no law which requires the filing of such findings and conclusions in a mere special proceeding, although its determination may involve disputed questions of fact. In this proceeding a formal answer was interposed, denying the alleged taking of the petitioner's land and the consequent damages; but this was unnecessary — the statute requiring nothing of the kind. R. S. sec. 1846. The petition made a *prima facie* case for the appointment of commissioners, and the company was cited to show cause why they should not be appointed. This it may do without formal pleadings; probably by affidavits or oral testimony. The railroad company attempted to show cause against the appointment of such commissioners; but the court says, in the order, that it failed. This is equivalent to a finding that the petition is true, which would be sufficient were a finding required. Not having the evidence before us, we cannot say the finding is erroneous. It follows that the order of July 2d, appointing commissioners, and that of August 15th, denying appellant's motion that findings of fact and conclusions of law be settled and filed, were regular, and should be affirmed.

2. The order of September 7th, in so far as it again appointed the same commissioners who were appointed in the order of July 2d, is inoperative and harmless. It does not vacate the former appointment, and the persons therein named were such commissioners from the date of their original appointment. The only effect it had was to appoint a future day for the first meeting of the commissioners.

This the court may do at any time, such meeting not having been held at the time first appointed. It is a matter of mere procedure, which must necessarily be within the control of the court; at least, until the commissioners have qualified and held their first meeting. There is nothing in the order which injures the appellant, or of which it can justly complain.

*By the Court.*— The orders appealed from are affirmed.