PRICE, Respondent, vs. MARINETTE & MENOMINEE PAPER COMPANY and another, Appellants.

*September 11—October 9, 1928.*

For the appellants there was a brief by *Lehner & Lehner* of Oconto Falls, *A. S. Larson* of Shawano, and *Adolph P. Lehner,* and oral argument by *Mr. Larson.*

For the respondent there was a brief by *Nelson & Grimmer* of Marinette, and oral argument by *L. M. Nelson.*

ROSENBERRY, J. The complaint alleges in substance that the plaintiff is the owner of certain premises; that on April 1, 1920, the Marinette & Menominee Paper Company erected dams across the Menominee river near the plaintiff's land and that the defendants have ever since maintained said dams, "whereby the said waters in the said Menominee river were thereby made to overflow and seep through the banks of said river and onto the plaintiff's land; that the raising of the water in said river by means of said dams as aforesaid has ever since raised the normal water level existing beneath the said plaintiff's land; to such an extent that the surface and subsurface drainage theretofore existing have thereby been materially interfered with and stopped.

"That because of the premises aforesaid the plaintiff's lands, which had theretofore been good farming and dairy lands, became flooded, water-soaked, spongy, and unfit for cultivation and dairying, . . . and the threatened continued use thereof by the defendants in the manner aforesaid has made and will make the affected part of plaintiff's land wet, cold, sour, and unfit for cultivation or dairying,"—

and concludes with the *ad damnum* clause. To this the defendants demur on the ground that by the provisions of sec. 32.04, Stats., if the plaintiff's land has been taken as alleged in the complaint, the plaintiff's exclusive remedy was under that chapter. There is no dispute but that the defendants might maintain a proceeding to condemn the land under the provisions of ch. 32 in accordance with the procedure indicated in *Brasch v. Rothschild Water Power Co.* 150 Wis. 594, 137 N. W. 788.

It is the contention of the plaintiff that it may sue despite the statute in trespass for damage to the land. Sec. 32.04 provides:

"If any owner of property desires to institute condemnation proceedings, he shall present his verified petition therefor to the county or circuit judge of the county where the land is situated. Such petition shall describe the land, state the board, commission or corporation against which the condemnation proceedings are instituted, and use to which it has been put or is designed to have been put by the board, commission or corporation against which the proceedings are instituted."

While the language of the statute is permissive, it is considered that in a case such as this, where, if the allegations of the complaint are true, the offending corporation has in fact taken the lands of the plaintiff with his consent, express or implied, his exclusive remedy is under the provisions of sec. 32.04.

Since the decision in the *Brasch Case* the statutory law of the state relating to the exercise of the power of eminent domain has been entirely rewritten and ch. 32 is applicable alike to all corporations. Under such circumstances, we think the rule long established in this state, that where a corporation entitled to exercise the power of eminent domain has, by the express or tacit consent of the owner, taken possession of property and is in the possession thereof so that its possession amounts to a taking for corporate purposes, in the event that the taker neglects to institute proceedings under ch. 32 the owner may do so, and that his right to invoke such proceeding is exclusive of any other remedy. See *Peters v. C. & N. W. R. Co.* 165 Wis. 529, 162 N. W. 916, and cases there cited.

The demurrer to the complaint was properly sustained. Under sec. 269.52 the trial court should permit the plaintiff by proper amendment within a reasonable time, costs being

in the discretion of the court, to turn the action into a proceeding for condemnation and to prosecute the proceeding as if regularly commenced and render a judgment of dismissal only on neglect to so amend.

It was suggested in briefs of counsel that the proper procedure in a case such as this would be to require the defendants to move for a stay of proceeding pending the institution and determination of a condemnation proceeding under the provisions of ch. 32 by the defendants. To require the defendants to institute the proceeding will be to require them to admit that there is a taking, which they deny. The plaintiff alleges a taking. If there is a taking, plaintiff's right to compensation is complete, and upon the institution of proceedings by plaintiff the question of whether or not there is a taking can be fully litigated.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings as indicated in this opinion.