In re Condemnation of Lands for Street Purposes: Freber, Appellant, vs. City of Beaver Dam, Respondent.

*May 14—June 12, 1931.*

The cause was submitted for the appellant on the brief of *C. A. Markham* of Beaver Dam and *Eugene A. Clifford* of Juneau, and for the respondent on that of *J. F. Malone,* city attorney, and *Clark & Lueck* of counsel, all of Beaver Dam.

FRITZ, J.    It appears from the petition filed in court by the city attorney as basis for condemnation that the common council of the city of Beaver Dam took action in the matter upon the presentation of a petition by resident freeholders, under sec. 62.22 (4) (a), Stats.    That petition duly described the land proposed and necessary to be taken.    In accordance with sec. 62.22 (4) (c), the council duly referred that petition to the board of public works, which reported that the petition was properly signed and should be granted, and gave a description of the land proposed to be taken, and a plat of the proposed street extension.    Thereupon the council adopted the following resolution:

"Resolved that the city attorney be, and he hereby is, authorized and instructed to commence and prosecute condemnation proceedings to extend Winn Terrace according to description and plat attached to report of the board of public works made in said matter on petition this day filed, said premises to be taken and condemned as and for a public street."

As to that resolution the city attorney alleged in his petition filed in court pursuant to the directions of that resolution that it was a resolution "declaring that it is necessary to condemn the land designated in said petition and report and above described."    Manifestly that allegation is an erroneous conclusion as to the tenor and effect of the resolution in that respect.    In that resolution there is no declaration by the

council that it is necessary to condemn the land designated in the freeholders' petition. That resolution speaks for itself, and, as it is attached as an exhibit to the city attorney's petition, its provisions control and effectively negative the inconsistent allegation that the council's resolution did declare such condemnation necessary. The pleader's erroneous conclusion to the contrary is not admitted or controlling on appellant's demurrer.

The propositions as to whether the council in its resolution declared "that it is necessary to condemn the land designated" in the freeholders' petition, and whether the city attorney's petition on its face states facts sufficient to show the adoption of a resolution in which the council so declared, arise on the demurrer to the latter petition because of the provision in sec. 62.22 (4) (c), Stats., that "Upon the coming in of such report the council may, if the petition be reported sufficiently signed, by a vote of a majority of its members adopt a resolution declaring that it is necessary to condemn the land designated in such petition and report, referring to them, for the purpose named in the petition."

Is the adoption of a resolution "declaring that it is necessary to condemn the land designated" an essential condition precedent to the institution of proceedings in court in furtherance of the proposed condemnation? If so, are the allegations of a municipality's petition which is to be filed in court for the prosecution of condemnation proceedings, insufficient if it does not appear on the face thereof that the council by resolution declared it necessary to condemn the land designated?

In this connection it may be of some significance to also note that sec. 62.22 (4) (d), Stats., which relates to a council's instituting condemnation proceedings on its own accord, without the prior filing of a freeholders' petition, likewise provides that such council "may . . . by resolution declare it necessary to condemn land, . . . and direct

the city attorney to prosecute condemnation proceedings therefor." At the outset it must be noted that condemnation statutes authorize the compulsory taking of property in derogation of the common law, and must be strictly construed and strictly complied with; and that pleadings instituting such proceedings are defective in form and insufficient as basis for court proceedings if they fail to allege compliance with statutory requirements. *Union Mfg. Co. v. Spies,* 181 Wis. 497, 502, 195 N. W. 326.

The practice and procedure in court upon the filing of a petition for condemnation by any authorized person or entity are prescribed in ch. 32, Stats. Sec. 32.07 (1) provides that if the application be by a municipal corporation, the filing of the petition "shall be deemed the commencement of an action for the determination of the necessity of the taking;" that, upon certain notice after expiration of the time to appear and answer, the court shall impanel a jury "and the question of necessity of the taking shall thereupon be tried as a question of fact." From those and other provisions in ch. 32 it is manifest that when a city desires to acquire property by condemnation for use as a street, it can do so only upon establishing and obtaining an adjudication that such taking by condemnation is necessary. It fails in the maintenance of its action and is not entitled to the relief by condemnation which it sought in commencing such action if on the trial it fails to establish the fact that necessity for such taking existed. Consequently, it is not entitled to acquire land by condemnation unless it establishes the existence of such necessity, and its city attorney is not authorized to file a petition for condemnation until its council in its discretion has declared that it is necessary to condemn certain land and has directed its attorney to commence proceedings.

In using the word "may" in secs. (c) and (d) of sec. 62.22 (4), Stats., in providing that the council may declare it nec-

essary to condemn land and direct the city attorney to proceed, it was rightly intended to vest in the council legislative discretion to determine whether to proceed at all. The council was not required to proceed merely because the requisite number of qualified freeholders had filed a petition. Rightly it was within the province of the council to determine whether or not to resort to condemnation, and the word "may" was the appropriate term to use in granting that discretionary authority. However, if that authority is exercised by the adoption of a resolution to resort to judicial action in furtherance of condemnation, then the council's formal declaration by resolution as to the existence of such necessity is required by the statutes. When, as in the case at bar, it appears upon the face of the resolution and the city's petition that the council failed to embody such a declaration in its resolution, then the petition is insufficient, and subject to successful challenge on demurrer.

Respondent contends that the council has substantially complied, in that its resolution and the report of the board of public works should be taken together, and that the latter specifically refers to the residents' petition, which does allege necessity for condemnation. If, in connection with a reference in the resolution to the report of the board of public works or to the residents' petition, the council in its resolution had made any favorable finding, or expressed its approval or adoption of the statement as to necessity for condemnation which does appear in the residents' petition, that might have constituted a sufficient declaration. However, the mere reference to the other documents, without any finding, adoption, or approval thereof, is insufficient.

Appellant also contends that there is a defect of parties because it appears from the plat attached to the city's petition that other persons besides the appellant own some of the other parcels of land which must also be taken to effect the proposed street extension. While it does appear that land

owned by others than appellant is also required for the proposed extension, there is nothing in the petition or exhibits because of which it appears that such other land cannot be acquired by the city by voluntary gift or sale, or that it is necessary or proposed to resort to condemnation to acquire such other land.

*By the Court.*—Order reversed, with directions to enter an order sustaining appellant's demurrer.