London Guarantee & Accident Company, Appellant, vs. Wisconsin Public Service Corporation, Respondent.

*March 16—June 25, 1938.*

For the appellant there was a brief by *Lehner & Lehner* of Oconto Falls, attorneys, and *James H. Larson* of Shawano of counsel, and oral argument by *Philip Lehner* of Princeton.

For the respondent there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *F. H. Prosser* of counsel, all of Milwaukee, and oral argument by *Mr. Prosser.*

The following opinion was filed April 12, 1938:

FRITZ, J. The plaintiff appealed from an order sustaining a demurrer to a complaint on the ground that it appears upon

the face thereof that the action was not commenced within the two-year period prescribed by sec. 330.21, Stats., for the commencement of an action to recover damages sustained by reason of the death of a person which was caused by the wrongful act, neglect, or default of another. The plaintiff commenced this action in July, 1937. It alleges in its complaint that it seeks to recover $5,000 paid by it, as a compensation insurer, pursuant to an award made on September 2, 1932, by the industrial commission for death benefits on account of the instantaneous death of Jerome W. Seale on August 9, 1932, while he was working as an employee of Lucia Construction Company; that Seale's death was caused by the defendant's negligence in maintaining certain high-voltage wires, and that by reason of plaintiff's payment of the death benefits it is the owner of the cause of action complained of to the extent of the sum paid, and has been subrogated in the place and stead of Seale's widow pursuant to the provisions of sec. 102.29 (2), Stats.; and that on August 8, 1934, it served a notice of claim for damages upon the defendant in which it stated that in consequence of the latter's "negligent conduct . . . in the maintenance of said wire, claim is made against them for the death of said Jerome W. Seale."

The statutory provisions, because of which the court held that the cause of action upon which the plaintiff seeks to recover was barred, by reason of its failure to commence this action within two years after the accrual thereof, provide:

"Sec. 330.15 . . . The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action had accrued."

"Sec. 330.21 . . . Within two years: . . . (3) An action brought by the personal representatives of a deceased person to recover damages, when the death of such person was caused by the wrongful act, neglect or default of another."

Plaintiff contends that that two-year limitation is not applicable because this is not an action brought by it as the personal representative of the deceased; but is an action to enforce an independent cause of action, which is created by and became vested in it under sec. 102.29 (2), Stats., as a compensation insurer, upon its payment of the award for death benefits. In support of that contention the plaintiff relies upon the statement in relation to sec. 102.29 (2), Stats. (as amended in 1931), in *Employers Mut. Liability Ins. Co. v. Icke,* 225 Wis. 304, 307, 308, 274 N. W. 283, that,—

"An independent right of action was given under the conditions stated in the statute to the employer and insurance carrier."

But plaintiff apparently disregards the statements in connection therewith that,—

"While the statute as amended in 1931 gave the employer or the insurance carrier a right of action, it nevertheless *remained derivative* in its nature. It is apparent that the employer or insurance carrier would have *no* cause of action against a third party *unless* in the first instance *a cause of action existed in favor of the employee* against the third party."

There is no provision in sec. 102.29 (2), Stats., which expressly creates any new responsibility or liability in tort for damages sustained upon the death of a person as the result of the wrongful act, neglect, or default of another. The effect of the amendment of sub. (2) of sec. 102.29, Stats., in 1931, so as to read—

"An employer or compensation insurer who shall have paid a lawful claim under this chapter for the injury or death of an employee shall have a right to maintain an action in tort against any other party responsible for such injury or death"—

is but to authorize an employer or compensation insurer, who has paid such a lawful claim, to maintain an action in tort against "any other party responsible" under some other stat-

ute or rule of law "for such injury or death." Inasmuch as no new or additional responsibility or liability on the part of such "other party" is created or imposed upon that party by that amendment, it cannot be held that a new cause of action to recover on any such new or additional responsibility or liability was intended to be created by that amendment. It does vest in the employer or compensation insurer, who has paid such a lawful claim, the right to maintain an action independently of the compensation beneficiary, but the action which they are authorized to maintain is to recover upon only the cause of action to enforce the liability in tort of the party responsible under other statutes or rules of law for the injury or death of the employee. That that is the only basis of the action, which the employer or insurer is given the right to maintain independently, appears inferentially also from the subsequent provisions in sec. 102.29 (2), Stats., that,—

"If reasonable notice and opportunity to be represented in such action by counsel shall have been given to the compensation beneficiary, the *liability of such other party to such compensation beneficiary shall be determined in such action* as well as his liability to the employer and insurer. If recovery shall be had against such other party, by suit or otherwise, the *compensation beneficiary shall be entitled* to any *amount recovered over and above* the *amount* that the *employer and insurer* have *paid or are liable for* in compensation, after deducting reasonable costs of collection, and *in no event shall* the *compensation beneficiary be entitled* to less than one-third of the amount recovered from the third party, less the reasonable costs of collection."

Obviously the compensation beneficiary can be entitled to a part of the amount recovered in an action brought independently by an employer or insurer only upon the theory that the recovery is upon the cause of action which the beneficiary has independently of any provision in the compensation act against the "other party" responsible for the employee's injury or death. As that cause of action in favor

of the beneficiary against such "other party" is still the sole basis for any recovery from that party, it is evident that the right to maintain the action, which is given to the employer or insurer by the 1931 amendment, is still merely derivative in its nature. Although they are authorized to sue independently and have part of the fruits recoverable on the compensation beneficiary's cause of action against the party responsible for an employee's injury or death, they stand but in the shoes of that beneficiary, and have no better standing in court than he has.

The only basis for the recovery of damages by or on behalf of anyone for the death of a person caused by the wrongful act, neglect, or default of another is by virtue of secs. 331.03 and 331.04, Stats., which, as originally enacted (sec. 13, ch. 135, Stats. 1858) and continued until the revision in 1878 had the proviso:

"Provided, every such action shall be commenced within two years after the death of such deceased person."

In relation to those provisions, this court said in *George v. Chicago, M. & St. P. R. Co.* 51 Wis. 603, 604, 8 N. W. 374,—

"The action is purely statutory, and can only be maintained on the terms and conditions, and under the circumstances, specified in the statute. The limitation of two years therein prescribed is absolute and unconditional. . . . The action can no more be brought and maintained after that date than could such an action be maintained in the absence of any statute giving it."

By the revision in 1878 that two-year limitation was incorporated in sub. (3) of sec. 330.21, Stats. (hereinbefore quoted), and in relation to that revision we said in *Terbush v. Boyle,* 217 Wis. 636, 639, 259 N. W. 859,—

". . . We discover no intent to change the existing rule of law by the revision of 1878. The proviso fitted naturally into 4224 (3) because it had been held the action was barred

two years after the death. While it is true that the observations of the court made in 1881 [in the case of *George v. Chicago, M. & St. P. R. Co.* 51 Wis. 603] disclose no consideration of the fact that the word 'death' is omitted in the revision of 1878, it was apparent that the court thought there was no change made in the law by the revision of 1878. . . ."

That conclusion is in accord with the well-established rule of statutory interpretation that it will be presumed that in the enactment of a revisor's bill there was no intention to change the meaning of the statutes revised, or work any radical change in the law; and that "the statute will not be construed as effecting a change in meaning, unless the language used is so clear and explicit as not to be subject to interpretation." *Wisconsin Power & Light Co. v. Beloit,* 215 Wis. 439, 447, 254 N. W. 119; *Muldowney v. McCoy Hotel Co.* 223 Wis. 62, 68, 269 N. W. 655. Consequently, all causes of action for damages for death caused by the wrongful act, neglect, or default of another, under secs. 331.03 and 331.04, Stats., are still subject to the limitation that every action to recover thereon must be commenced within two years after the cause of action accrued; and the application of that limitation is not confined solely to actions brought by the personal representative of a deceased. Likewise, as the right to damages for such death is purely statutory, inability to bring an action for the recovery thereof within that two-year period does not render inapplicable the unconditional bar by reason of sec. 330.21 (3), Stats.

"The language of the statute evidences an intention to set a definite limit to the period within which actions may be commenced without reference to exigencies which may arise." *Terbush v. Boyle, supra.*

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on June 25, 1938.