In re Henry S. Cooper, Inc.: Henry S. Cooper, Inc., Respondent, vs. Town of Pleasant Prairie and others, Appellants.

*February 12—May 5, 1942.*

378

For the appellants there were briefs by *Val. W. Dittmann* of Kenosha, and *Foley & Brach* of Racine, and oral argument by *Mr. Gilbert E. Brach* and *Mr. Dittmann.*

For the respondent there were briefs by *Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *Roy S. Stephenson.*

The following opinion was filed March 10, 1942:

ROSENBERRY, C. J. In *In re Vacation of Plat of Garden City,* 221 Wis. 134, 266 N. W. 202, decided March 31, 1936, this court gave very careful and thorough consideration to the sections of the statutes under which these proceedings are brought. This case is ruled by that in every respect with some exceptions hereinafter noted. In this proceeding it appears that after the commencement of the proceedings to vacate the plat, Henry S. Cooper, Inc., the petitioner, sold and transferred to one Oscar U. Zerk all its interest in and to the land within the plat not theretofore conveyed by it. The objectors claim that by reason of this conveyance the vacation proceedings abate because the petitioner is no longer a real party in interest, and cite sec. 260.13, Stats., which provides:

"Every action must be prosecuted in the name of the real party in interest except as otherwise provided in section 260.15."

Sec. 260.15, Stats., relates to nonjoinder of persons for whose benefit the action is brought and has no application in this case. Sec. 260.13 is a part of ch. 260, Stats., which is entitled "Civil actions, and parties thereto." Ch. 260 is in turn a part of title XXV, entitled "Procedure in civil actions." Sec. 260.03 provides:

"An action is an ordinary court proceeding by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. *Every other remedy is a special proceeding.*"

A proceeding to vacate a plat under the statute is a special proceeding and not an action. Sec. 260.01 provides:

"The provisions of title XXV, procedure in civil actions, relate to actions and special proceedings in the circuit courts and other courts of record, having concurrent jurisdiction therewith to a greater or less extent, in such actions and proceedings, unless the context otherwise requires."

Ch. 269, Stats., entitled "Practice regulations" is a part of title XXV. Sec. 269.14 provides:

"In case of a transfer of interest or devolution of liability the action may be continued by or against the original party, or the court may direct the person to whom the interest is transferred or upon whom the liability is devolved to be substituted in the action or joined with the original party, as the case requires."

If sec. 260.13, Stats., relied upon by the objectors applies to special proceedings then it must be held that sec. 269.14 also applies. Both sections are contained in title XXV. If sec. 269.14 does not apply to special proceedings, neither does sec. 260.13.

It appears that at common law the termination or transfer of the interest of the plaintiff in the subject matter of an action, while it was pending, abated the action. 1 Am. Jur. p. 48, § 45, and cases cited; 1 C. J. p. 142, § 220, and cases cited. This makes it necessary for us to consider in this case to what extent title XXV applies to special proceedings. This precise point does not seem to have been passed upon by this court. However, in *Milwaukee L., H. & T. Co. v. Ela Co.* (1910) 142 Wis. 424, 125 N. W. 903, the nature of

a special proceeding was considered, and it was there held that though the code abolished the common-law distinctions between suits and actions and did away entirely with the name "suits" as the name of a class of judicial remedies, the essential character of such remedies has not been changed. A suit now is either an action or a proceeding in the nature of an action in court. It was also held that a special proceeding being a suit commenced by filing a petition, the court has all inherent power in respect thereto which it has, in general, respecting actions or suits in the nature of actions. That the vacation of a plat under secs. 236.17 and 236.18, Stats., is a special proceeding admits of no doubt. It is begun by a petition and the service of a notice of the application instead of by summons. It is this fact that seems to distinguish special proceedings from actions. A proceeding under ch. 32, Stats., entitled "Eminent domain," is a special proceeding. Sec. 32.07 (1) provides:

"If the application be by a municipal corporation, the filing of the petition under section 32.04 shall be deemed the commencement of an action for the determination of the necessity of the taking."

Provisions for the petition and service of notice precede this section.

In *Freber v. Beaver Dam* (1931), 205 Wis. 299, 237 N. W. 119, a municipality had filed a petition to condemn certain lands. To that petition the landowner demurred. Outside the provisions of title XXV the statutes contain no provision relating to procedure in a special proceeding. Yet in that case upon appeal from an order overruling a demurrer, the trial court was reversed with directions to enter an order sustaining the demurrer. It is to be noted that the order appealed from was not a final order and so was not appealable except under sec. 274.33 (3), Stats. There is no provision of the statutes of which we are aware respecting

the settlement of a bill of exceptions in special proceedings. Sec. 270.43 provides:

"Any party to an *action* may, after trial of an issue of fact therein, . . . have a bill of exceptions settled as hereinafter provided," etc.

Nevertheless it has been the common practice under the authority of this section, which by its terms applies to actions only, to settle bills of exception in special proceedings where there has been a trial upon an issue of fact the same as in actions. A bill was so settled in this proceeding.

In this connection we call attention to sec. 270.33, Stats. This section provides:

"Upon a trial of an issue of fact by the court, its decision shall be given in writing and filed with the clerk within sixty days after submission of the cause, and shall state separately the facts found and the conclusions of law thereon. . . ."

It was held in *Gill v. Milwaukee & Lake Winnebago R. Co.* (1890) 76 Wis. 293, 45 N. W. 23, that this section applies only to actions and does not apply to a special proceeding. In that case it was sought to have the appeal dismissed in this court because no findings of fact and conclusions of law had been filed. Ch. 270, Stats., is a part of title XXV. The fact that bills of exception are settled under sec. 270.43, and that the court holds that sec. 270.33 does not apply to special proceedings, indicates some confusion.

Sec. 260.01, Stats., was introduced into our statutes by the revision of 1878, being then designated sec. 2593, which read as follows:

"The provisions of this title relate only to actions and proceedings in the circuit courts, and other courts of record, having concurrent jurisdiction therewith to a greater or less extent, in such actions and proceedings, except as otherwise provided."

Revisor's note : "New section, expressive of the intended scope of the title."

This section was re-enacted by ch. 541, Laws of 1935, which enacted a revisor's bill. Revisor's note :

" 'Except as otherwise provided' creates doubts without doing any good. If, in fact, some provision 'otherwise provides' that settles the matter."

It is a general rule that in construing the re-enactment of a measure introduced by a revisor's bill, unless the contrary is indicated, no change in the law is intended. *Wisconsin Power & Light Co. v. Beloit* (1934), 215 Wis. 439, 254 N. W. 119; *London G. & A. Co. v. Wisconsin P. S. Corp.* (1938) 228 Wis. 441, 279 N. W. 76. It does not appear what was intended by the introduction of the phrase "unless the context otherwise requires." It is evident, however, that there was no intent to change the meaning of the section. If the "context otherwise requires" the matter is just as "settled" as it was before the change.

In the state of New York the statutes contained no provisions relating to the continuance of special proceedings after transfer of interest by the plaintiff, and down to 1891 when the statute was amended, it was held that such a transfer abated the proceeding. New York Code, Civil Procedure, sec. 755; *Leavy v. Gardner* (1875), 63 N. Y. 624. Inasmuch as special proceedings are purely statutory and unknown to the common law, we find no common-law authority upon this question. Without attempting to delimit the extent to which the provisions of title XXV, Stats., apply to special proceedings, it is considered that sec. 269.14, Stats., does apply. We reach this conclusion because the court is free to decide this as an original question, there being no authority construing a provision similar to sec. 260.01. The court feels fully justified in holding that it is the policy of the law to

continue actions, and by analogy special proceedings, where the interest or right survives either death or transfer of interest or devolution of liability. That much is clear from the provisions of secs. 260.01 and 269.14. We are well aware that this contravenes some rules of statutory construction if they were to be strictly applied. Having defined the term "action" and the term "special proceeding" it would ordinarily be held that at least in the same chapter if not in the same title the terms would be used in accordance with the statutory definition (*McCarthy v. State* (1920), 170 Wis. 516, 175 N. W. 785), but it is quite evident there being no general provision elsewhere in the statutes in regard to procedure in special proceedings, that they are not so used in title XXV. In this connection we call attention to the fact that a special proceeding terminates by order and not by judgment. It may be necessary to take this into consideration in order to determine when the time to appeal begins to run. See secs. 274.01 to 274.04.

It is considered that a further exposition of this matter should await a case where it is fully argued by counsel. In this case neither counsel called attention to the fact that the statutes to which they referred by their terms applied only to actions.

The difficulty of proceeding otherwise than step by step is apparent from the record in this proceeding. Sec. 236.18, Stats., provides that the court "may vacate such plat or any part thereof and enter judgment accordingly." Sec. 270.53, also a part of title XXV, defines a judgment as follows: "A judgment is a final determination of the rights of the parties in the action." By definition there can be no judgment in a special proceeding for the same section provides:

"Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order."

The fact that an order may be enforced as a judgment does not make it one. *Lewis v. Chicago & Northwestern R. Co.* (1897) 97 Wis. 368, 72 N. W. 976. We also note that in this case the objectors had the benefit of sec. 261.08, Stats., which provides for change of venue on account of the prejudice of the judge, although ch. 261, Stats., by its terms applies only to "actions" and sec. 261.08 provides "or the court may retain the action until the end of the current term."

The objectors set up in their answer to the petition the fact that the deeds or some of them contained certain restrictive covenants. The objection is stated as follows:

"That on exhibits 'A' and 'B' attached hereto appear eight numbered covenants, conditions and restrictions running with the land for a term of thirty-five years; that said conditions were inserted in the conveyance inuring to the benefit of the owners of the land retained and inserted to carry out a plan of general development for the entire tract and for the protection of the land and estate retained, and for which a valuable consideration was paid; that said restrictions were for the benefit of the whole tract; that said restrictions and conditions constitute an equitable servitude on the land, and the vacation of said plat as herein petitioned would destroy a valuable interest in land enforceable at law or equity, without just compensation therefor."

There are further allegations relating to the nature and effect of these restrictions which it is not necessary to set out. The objectors cite no authority and we have been unable to find any authority to the effect that the vacation of a plat has any effect upon the title to land or affects restrictive covenants except as to streets, alleys, and parks, and that seems upon principle to be doubtful. The vacation of a plat merely frees the land from certain easements,—the title to the land remains exactly where it was before. If the lands within the plat were subject to a servitude before its vacation, we find nothing to indicate that they are not subject to the same servitude after the vacation.

The objectors argue in their brief that by reason of the platting of the land and their purchase of it with respect to the plat, they acquired certain valuable rights which must be considered by the court in exercising its discretion as to whether a judgment of vacation shall be entered. Whether upon the hearing the plat shall be vacated is a matter that rests in the sound discretion of the trial court. Sec. 236.18, Stats., provides:

"Upon producing satisfactory evidence that such notices have been given and served the court shall hear all parties in interest and determine such petition, and may vacate such plat or any part thereof and enter judgment accordingly."

In 1935 the statutes relating to the vacation of plats were repealed and a new chapter 236 created by a committee bill. Sec. 236.18, Stats., was formerly sec. 236.14. The committee's note is as follows: "Note: Essentially the same as section 236.14." While the word "discretion," which was contained in sec. 236.14, was omitted, that omission made no change in the character of the authority conferred upon the court. It was and is discretionary.

In this case the judge filed no opinion nor were there specific findings of fact but the record indicates that there was a full and fair consideration of all of the contentions made by all of the objectors. We find no evidence whatever that the court abused its discretion in directing judgment vacating the plat.

We have already pointed out that although the statute provides that the court may enter judgment in a vacation proceeding, that being a special proceeding, it terminates by order and not by judgment. Although denominated a judgment in the statute, and entered as a judgment in this proceeding, we treat it as an order. Giving a thing a name does not change its essential character. While the legislature said that a judgment should be entered, it also said that a judgment is a final determination in an *action,* and by legislative declaration vacation proceedings are special proceedings and

not actions. If judgments are to be entered in special proceedings the definition of "judgment" must be changed. Sec. 270.53, Stats., already set out, does not permit of a construction which would apply sec. 270.53 (1) to special proceedings. It defines a judgment and then says (sec. 270.53 (2)) that every direction of a court which is not a judgment is an order. This includes directions in special proceedings. We have no difficulty in this case for the reason that the appeal was timely taken whether the direction be denominated a judgment or an order. Entering "judgments" in special proceedings may in some cases be misleading and, as already pointed out, affect the time in which an appeal may be taken.

*By the Court.*—Order (judgment) affirmed.

A motion for a rehearing was denied, with $25 costs, on May 5, 1942.