SPIES, Appellant, vs. PETERSON, County Welfare Director, Respondent.

*December 6, 1955—January 10, 1956.*

506

For the appellant there was a brief by *Douglas, Omernik & Bitney* of Spooner, and oral argument by *Edward E. Omernik*.

For the respondent there was a brief by *Victor O. Trons-dal,* district attorney of Eau Claire county, and *John D. Kaiser,* assistant district attorney, attorneys, and the *Attorney General* and *William A. Platz,* assistant attorney general, of counsel, and oral argument by *Mr. Kaiser.*

BROADFOOT, J. The defendant calls attention to sec. 49.22 (1) (d), Stats., which provides that to be eligible for old-age assistance there can be no person able to support, and responsible for, the support of the recipient. He then argues that if he is able to support his mother and thereby responsible for her support, then she should not have received old-age assistance. The defendant does not admit that he at any time was able to support his mother. In fact, he is still showing the utmost resistance to the attempts by the department to get him to contribute toward his mother's support. He is still contesting the orders requiring him to contribute. His contention is entirely without merit under the circumstances.

The defendant then attacks both orders on the ground that the county court had no jurisdiction to issue the same. He states that:

"The order of November 22, 1954, should be held a nullity, because

"1. It is brought about by the petition of the director of public welfare, and not by the district attorney;

"2. Because there is no showing that a report had been made by the proper authorities to the district attorney before the original order to show cause was procured;

"3. Because it does not include all of the children of the dependent person supported, nor does it find that the other children of the dependent person are unable to furnish any support;

"4. It does not show how much money is required to maintain Ida Spies;

"5. There is no finding that Walter L. Spies is able to support his mother;

"6. There is no finding that the mother requires any support;

"7. There is no finding that Walter L. Spies has refused to support his mother."

"It is also submitted that the order of May 16, 1955, should be held a nullity because

"1. For reasons 1, 2, 3, and 4 as applies to the order of November 22, 1954;

"2. This order does not find how much is required to support the mother;

"3. The order does not find that she is wholly dependent, or to what extent she may be self-supporting;

"4. It requires the money to be paid to the county welfare department, and also appears to require full support;

"5. It requires the money to be paid to reimburse the Eau Claire county department of public welfare;

"6. It does not fix a sum certain."

The defendant first contends that a proceeding to require the support of dependents by relatives is a statutory proceeding in derogation of the common law and the statute should be strictly complied with. We agree with that contention. He then says the orders are defective because they do not include findings indicating compliance with the procedural requirements outlined in sec. 52.01, Stats. The district attorney cites *In re Henry S. Cooper, Inc.,* 240 Wis. 377; 2 N. W. (2d) 866, where it was held that findings are not required in special proceedings. This is a special proceeding. Following the decision of that case, amendments were enacted to harmonize the provisions relating to special proceedings with those which relate to actions, and since July 1, 1945, findings are required in special proceedings.

From the record before us we find it impossible to pass upon most of the objections raised as to the first order. The appeal is only from the order of May 16, 1955. The defendant is the appellant. It was his duty to prepare and settle a bill·of exceptions that would bring the entire record before

us if he wished to attack the same. He avoided including in the bill of exceptions the testimony taken and proceedings had prior to November 22, 1954, that resulted in the order that was issued by the trial court.

Although findings are required in special proceedings they may be separate from the order. None of the objections as to the order of November 22, 1954, was raised by the defendant at the hearing that resulted from his petition dated March 22, 1955. The defendant then submitted to the jurisdiction of the court and asked for relief from an order that he recognized as being a valid order. Accordingly, we must presume that the statute was complied with prior to the entry of the order of November 22, 1954.

The petition initiating the proceeding is a part of the record and it appears that said petition was signed by the director of public welfare and not by the district attorney. However, we can find no objection to that procedure where the district attorney appears for the petitioner and represents him throughout the proceeding. The director of public welfare is charged by statute with making the investigation of all of the relatives of the dependent and with proceeding, through the district attorney, against the relative or relatives whom his investigation indicates may be financially able to support or contribute to the support of the dependent. Having the information as a result of his investigation, it is proper that the district attorney should prepare a petition and have it signed by the director.

The only challenge as to the constitutionality of the statute is that the procedure pursued violates defendant's constitutional rights by denying him equal protection of the laws. This is based upon his argument that he has brothers and sisters who should have been made parties to the proceeding and made to contribute so far as they are able so to do. There is nothing in the bill of exceptions prepared by the defendant that tells us how many living children Mrs. Spies

had at the time of the hearings or that any of them could properly be called upon to contribute to her support. The statute contemplates that proceedings will be commenced only against relatives able to contribute. We must presume that the report of the department to the district attorney contained information as to the other children. If that is not a fact, the defendant could have brought it to our attention by preparing and settling a complete bill of exceptions. If the defendant has information that any brother or sister of his should properly be required to contribute to the support of the mother he can bring this to the attention of the court by another application to modify the order. Without doubt the department and the district attorney would co-operate fully with him.

The order of May 16, 1955, is so indefinite that it is void. It directs the payment of $75 or such other sum as may be required to maintain the dependent. The periods of payment are not specified. The order seems to contemplate that the defendant pay the full amount required for the support and maintenance of his mother. However, the order directs that payments be made to the welfare department of Eau Claire county while the statute provides that such payments are only payable to the county welfare agency if for less than full support. The order of November 22, 1954, is a valid order and will stand.

*By the Court.*—The order of May 16, 1955, which was appealed from, is reversed without costs.