25 Wis.2d 25 (1964)
SHELBY MUTUAL INSURANCE COMPANY, Appellant,
v.
HOME MUTUAL INSURANCE COMPANY and another, Respondents.
Supreme Court of Wisconsin.
September 2, 1964.
September 29, 1964.
*27 For the appellant there was a brief by Morrow & Garvey of Eau Claire, and oral argument by Frank L. Morrow.
For the respondents there was a brief by Donald L. Farr of Eau Claire, and oral argument by Edward J. Byrne of Appleton.
CURRIE, C. J.
Appellant-plaintiff raises two issues on this appeal:
(1) Was it prejudicial error for the circuit court to enlarge the time within which defendants might move for summary judgment?
(2) Was plaintiff's cause of action barred by the statute of limitations?
*28 Enlargement of Time to Make Motion for Summary Judgment.
Sec. 270.635 (1), Stats., provides: "Notice of motion for summary judgment and the papers in support thereof shall be served within 40 days after issue is joined, subject to enlargement of time as provided in s. 269.45."[1] Since in the instant case, the issue had been joined more than two years prior to defendants' application for enlargement of time, sub. (2) of sec. 269.45 is applicable. Defendants, therefore, are required to show that the failure to move earlier for summary judgment was the result of excusable neglect.
The affidavit of defendants' counsel in support of the application for enlargement of time was dated July 29, 1963, and, among other things, alleged the following facts: The defendants heretofore moved to dismiss the complaint on the grounds that plaintiff's claim was barred by the statute of limitations and that such motion was denied by the circuit court on September 11, 1962; the supreme court handed down a decision on June 4, 1963, in Haase v. Sawicki, 20 Wis. (2d) 308, 121 N. W. (2d) 876, which appeared in the July 12, 1963, issue of Callaghan's Wisconsin Reports Advance Sheets, and that such decision had just been brought to affiant's attention. The facts and law involved in the Haase Case are identical to those in the instant action. *29 The fact that such case has been so recently decided constitutes, in affiant's opinion, the excusable neglect necessary to enlarge the time under sec. 269.45, Stats.
We are satisfied that the foregoing facts stated in the affidavit sufficiently show the excusable neglect required by statute for the granting of an enlargement of time. The order of September 11, 1962, denying defendants' motion to dismiss was a nonappealable order. Szuszka v. Milwaukee (1961), 15 Wis. (2d) 241, 243, 112 N. W. (2d) 699. Therefore, until this court's holding in Haase v. Sawicki, supra, the moving by defendants for a summary judgment or taking other affirmative action with respect to its defense grounded on the statute of limitations, would have been a useless act. This is because the circuit court would in all likelihood have adhered to its prior ruling that plaintiff's action was not barred by the statute of limitations.
In any event, plaintiff was not prejudiced by the enlargement of time within which to file a motion for summary judgment. The defense of the statute of limitations still stood in defendants' answer and upon trial of the action the recent decision in the Haase Case would have required a final dismissal of the plaintiff's complaint.
Statute of Limitations.
At the time the alleged wrongful death of Richard Peterson occurred, sec. 330.21 (3), Stats. 1959, provided a two-year statute of limitations for causes of action for wrongful death. This limitation period was repealed by ch. 650, Laws of 1961, which took effect on the day after its publication on January 30, 1962. This chapter created new sec. 330.205 (2), which prescribed a three-year statute of limitations for wrongful-death actions and by its terms was made retroactive as to any actions to recover damages for death caused by a wrongful act where the death resulted on or after July *30 1, 1955. Haase v. Sawicki, supra, held that this retroactive feature of this statute violated both the Fourteenth amendment, United States Const., and sec. 1, art I, Wisconsin Const., with respect to causes of action which had been barred by the running of the prior two-year statute of limitations at the time ch. 650, Laws of 1961, was enacted. As in the Haase Case, plaintiff's instant action was commenced more than two years after the then applicable two-year statute of limitations had run, but less than three years after the occurrence of the alleged wrongful act which caused Richard Peterson's death. Therefore, this case is clearly ruled by the Haase Case because the wrongful-death action of the widow had already been barred when the legislature enacted the new three-year statute of limitations.
Plaintiff attempts to surmount the hurdle of the holding in the Haase Case by contending that its right to bring the instant action under sec. 102.29 (2), Stats., is grounded on a separate cause of action created by sec. 102.29 (2) and not on the wrongful-death statute, sec. 331.03. The appellant in advancing this contention is aware that this case is on all fours with London Guarantee & Accident Co. v. Wisconsin Public Service Corp. (1938), 228 Wis. 441, 279 N. W. 76. Plaintiff is asking the court to overrule this case.
This court in the London Guarantee & Accident Co. Case held that third-party actions authorized by sec. 102.29, Stats., are derivative in character and are subject to the statute of limitations which is applicable to the cause of action which existed in favor of the workmen's compensation beneficiary. That case, as well as this one, was grounded upon a cause of action for wrongful death. The plaintiff there contended that the two-year limitation was not applicable since the action was not brought by the personal representative of the deceased, but was an action to enforce an independent cause of action which was created under sec. *31 102.29 (2), and which became invested in the compensation insurer upon its payment of the award for death benefits. This court rejected such contention and stated (228 Wis. at pp. 444, 445):
"There is no provision in sec. 102.29 (2), Stats., which expressly creates any new responsibility or liability in tort for damages sustained upon the death of a person as the result of the wrongful act, neglect, or default of another. The effect of the amendment of sub. (2) of sec. 102.29, Stats., in 1931, so as to read
"`An employer or compensation insurer who shall have paid a lawful claim under this chapter for the injury or death of an employee shall have a right to maintain an action in tort against any other party responsible for such injury or death'
"is but to authorize an employer or compensation insurer, who has paid such a lawful claim, to maintain an action in tort against `any other party responsible' under some other statute or rule of law `for such injury or death.' Inasmuch as no new or additional responsibility or liability on the part of such `other party' is created or imposed upon that party by that amendment, it cannot be held that a new cause of action to recover on any such new or additional responsibility or liability was intended to be created by that amendment."[2]
With respect to the derivative character of a third-party action brought under sec. 102.29 (2), Stats., see also Employers Mut. Liability Ins. Co. v. Icke (1937), 225 Wis. 304, 307, 308, 274 N. W. 283.
In order to overrule London Guarantee & Accident Co. v. Wisconsin Public Service Corp., supra, it would be necessary to hold that third-party actions under sec. 102.29 (2), Stats., are not derivative in character but are independent *32 causes of actions created by the legislature. To adopt this latter view seems to us indefensible. There is no reason why the period of the tort-feasor's liability should depend on whether or not a claim is filed for workmen's compensation against the injured party's employer and workmen's compensation carrier, and on whether or not workmen's compensation benefits have been paid. In other words, acts of third parties over whom the tort-feasor has no control, which have occurred after the tort-feasor's act creating liability, ought not determine the length of the limitation period during which the tort-feasor remains liable.
Furthermore, the holdings in the London Guarantee & Accident Co. v. Wisconsin Public Service Corp., supra, and Employers Mut. Liability Ins. Co. v. Icke, supra, Cases, are of such long standing that they import legislative acquiescence and acceptance of the principle that a cause of action brought under sec. 102.29 (2), Stats., is derivative in character.
By the Court.Judgment affirmed.
BEILFUSS, J., took no part.
NOTES
[1] Sec. 269.45 provides:

"(1) The court or a judge may with or without notice, for cause shown by affidavit and upon just terms and before the time has expired, extend the time within which any act or proceeding in an action or special proceeding must be taken, except the time for appeal.
"(2) After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."
[2] For a critical view of the holding in the London Guarantee & Accident Co. v. Wisconsin Public Service Corp. Case, see note in 1939 Wisconsin Law Review, 330. This court is not persuaded by the argument therein advanced by the author of the note.