REVIVAL CENTER TABERNACLE OF BATTLE CREEK, Appellant, v. CITY OF MILWAUKEE and another, Respondents.

*No. 478. Argued March 6, 1975.—Decided April 10, 1975*
(Also reported in 227 N. W. 2d 694.)

For the appellant there was a brief by *Eisenberg & Kletzke*, and oral argument by *Jerome Pogodzinski* and *Sydney Eisenberg*, all of Milwaukee.

For the respondent there was a brief by *James B. Brennan*, city attorney, and *William J. Lukacevich* and *Theophilus C. Crockett*, assistant city attorneys, and oral argument by *Mr. Lukacevich*.

ROBERT W. HANSEN, J. Is a petition for inverse condemnation, brought pursuant to sec. 32.10, Stats., demurrable?

Appellant, in its brief on appeal, contends that such petition in such action is not demurrable. Sec. 32.10, the statute under which the petition is filed, provides that, after the service and filing of the petition, ". . . The court shall thereupon make a finding of whether the defendant is occupying property of the plaintiff without having the right to do so. . . ." Plaintiff contends that the statute itself thus mandates an evidentiary

hearing to determine whether or not an unlawful public taking of private property has occurred. The general rule is that an individual is to be accorded the right to be heard before suffering a loss through state action.[1] Where a landowner sought to interpose a demurrer to the city's petition for condemnation, our court held that ". . . a petition by a municipality under sec. 32.04, Stats., is not demurrable. . . ."[2] (*Note:* Sec. 32.10, the statute involved in the case before us, is derived from the last paragraph of sec. 32.04, Stats. 1957, the statute involved in the case cited.) Acknowledging the existence of cases where there had been appeals of orders sustaining demurrers in condemnation cases, this court, in the *Tiedeman* decision, noted that in such cases there was no ". . . challenge of the propriety of the interposition of the demurrer to the petition . . . nor was question raised as to the appealability of the order of the court overruling the demurrer."[3]

[1] *See: Fuentes v. Shevin* (1972), 407 U. S. 67; 92 Sup. Ct. 1983, 32 L. Ed. 2d 556; *Goldberg v. Kelly* (1970), 397 U. S. 254, 90 Sup. Ct. 1011, 25 L. Ed. 2d 287; *Cafeteria Workers v. McElroy* (1961), 367 U. S. 886, 81 Sup. Ct. 1743, 6 L. Ed. 2d 1230; and *North American Storage Co. v. Chicago* (1908), 211 U. S. 306, 29 Sup. Ct. 101, 53 L. Ed. 195.

[2] *Madison v. Tiedeman* (1957), 1 Wis. 2d 136, 147, 83 N. W. 2d 694.

[3] *Id.* at page 141, referring to: *Freber v. Beaver Dam* (1931), 205 Wis. 299, 237 N. W. 119, and *New Lisbon v. Harebo* (1937), 224 Wis. 66, 271 N. W. 659. *See also: McKenna v. State Highway Comm.* (1965), 28 Wis. 2d 179, 135 N. W. 2d 827, affirming the sustaining of a demurrer to a petition for inverse condemnation with no discussion of the demurrability issue, and *Howell Plaza, Inc. v. State Highway Comm.* (1975), 66 Wis. 2d 720, 226 N. W. 2d 185, reversing a denial of a motion to dismiss a petition for inverse condemnation by finding the motion to be equivalent to a demurrer and the petition to fail to state a cause of action. In neither case did the parties raise or argue the demurrability question and we do not, by our holding here, intend a sub silentio overruling of those decisions.

Holding a petition for condemnation by a municipality not to be demurrable, this court in *Tiedeman,* also cited as relevant earlier cases holding petitions for condemnation presented by others than municipalities not to be demurrable.[4] One such, quoted at length in *Tiedeman,* was the *Tobin v. Willow River Power Co. Case* which involved inverse condemnation.[5] There the petitioners filed a petition alleging that the public utility had raised the level of water in the Willow River approximately 10 feet, flooding the lands of the petitioners. The defendant power company appealed from a trial court order overruling its demurrer, and this court dismissed the appeal, holding that the petition for inverse condemnation was not subject to demurrer.[6] Under *Tiedeman,* a petition for condemnation by a municipality is not demurrable. Under *Tobin,* a petition for inverse condemnation is not demurrable. What is sauce for the goose is also sauce for the gander. If proceedings for condemnation by a municipality or public utility may not be delayed by interposition of a demurrer by a private citizen, then proceedings for inverse condemnation are not to be prolonged and response delayed or defeated by interposing a demurrer to the claim of a private petitioner that his property has been taken by a public agency or public utility without a hearing and without compensation.

The response of respondents as to demurrability here is not that a petition for inverse condemnation, brought pursuant to sec. 32.10, Stats., is demurrable. They do

---

[4] *Tobin v. Willow River Power Co.* (1932), 208 Wis. 262, 263, 242 N. W. 480; *Manns v. Marinette & Menominee Paper Co.* (1931), 205 Wis. 349, 235 N. W. 426, 238 N. W. 624; *Baerwolf v. Wisconsin River Power Co.* (1929), 198 Wis. 112, 223 N. W. 571; and *Price v. Marinette & Menominee Paper Co.* (1928), 197 Wis. 25, 221 N. W. 381.

[5] *Id.*

[6] *Id.* at page 141.

not claim that it is. Instead, respondents assert their right on demurrer to look to the four corners of the petition.[7] Doing just that, they find plaintiff's petition ". . . replete with allegations of torts committed by defendants," and including also a claim for damages based on ". . . a razing pursuant to Section 66.05 of the Wisconsin Statutes . . . ." Thus respondents locate three theories of the case or bases for the claim of damages in the single petition: (1) Inverse condemnation under sec. 32.10; (2) for a razing pursuant to sec. 66.05 (3) ; and (3) a claim in tort against the city, pursuant to sec. 62.25. While plaintiff's brief identifies the petition as one brought solely under sec. 32.10, its brief, like its petition, covers the waterfront as to a razing and an intentional taking of property without due compensation. There is here a commingling of at least three different theories of the case in a single cause of action in a single petition.

When three eggs are thus scrambled into a single omelet, our court has held that the commingling is ". . . in effect an allegation of alternative theories in a single count. . . ."[8] Such commingled allegations are, on demurrer, to be ". . . construed as pleading only the least, rather than the greatest allegation, and are fatally defective if the least allegation does not state a cause of action. . . ."[9] Under this unto-the-least-of-these test, the trial court here was entirely warranted in sustaining defendants' demurrer, particularly because a re-

[7] *Hertz v. Red Rooster Cheese Co.* (1972), 55 Wis. 2d 701, 704, 705, 200 N. W. 2d 603, this court holding: ". . . When the defect appears on the face of the counterclaim, demurrer lies. When the defect does not appear on the face of the counterclaim, objection is to be raised by reply. As has been said of demurrers to complaints, objections which do not appear on the face of the counterclaim must be taken by plea or reply. . . ." (Citing *Estate of Rosenstein* (1970), 47 Wis. 2d 494, 497, 177 N. W. 2d 372.)

[8] *Kruse v. Schieve* (1973), 61 Wis. 2d 421, 431, 213 N. W. 2d 64.

[9] *Id.* at page 431.

quired compliance with sec. 66.05 (3), Stats., does not appear as to an action based on a razing pursuant to that statute. The unto-the-least-of-these test is intended to discourage the omeleting of various theories and causes in a single count of a petition or complaint. Neither the trial court nor this court is to be expected to (1) locate the alternative theories as to liability that are commingled; (2) determine the issue of demurrability, as to each of them; and (3) determine whether each and all included but undifferentiated theories of the case state a cause of action. The mandate is for separate pleading as individual counts or causes of alternative theories as to liability. However, in *Kruse*, where three different theories of the case were scrambled into a single cause of action in a single complaint, our court set aside the trial court order, overruling demurrer, and granted defendant's demurrer—but with granted leave to the plaintiffs to plead over and file an amended complaint.[10] In the case before us, also with three different theories of the case commingled in a single petition, we affirm the trial court's sustaining of defendants' demurrer, but modify the order so as to grant to the plaintiff here leave to plead over and to file an amended complaint.

*By the Court.*—Order modified to grant plaintiff the right to plead over within twenty days after remand of the record to the trial court, and, as modified, affirmed.

[10] *Id.* at page 431.